THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD COMPANY, plaintiff in error, *vs.* HIRAM COX *et ux.*, defendants in error.

Section 2960 of the Code, which prescribes that the husband may recover for *torts* committed on the wife, does not repeal the common law rule of pleading that the wife should be joined in the action. In such suits the husband may join his wife.

Husband and wife. Pleadings. *Torts.* Before Judge McCUTCHEN. Whitfield Superior Court. October Term, 1875.

Reported in the opinion.

D. A. WALKER; SHEWMATE & WILLIAMSON, by brief, for plaintiff in error.

HANKS & BIVINGS; JOHNSON & McCAMY, for defendants.

JACKSON, Judge.

Cox sued the railroad company for a *tort* on the person of his wife, who was hurt by reason of the crossing of the road not being kept in good condition. In this action he joined his wife as party plaintiff. The company demurred because she was so joined, and the court overruled the demurrer, and the defendant excepted. So that the single question is, does the joinder of the wife vitiate the action in such a case so as to make it the duty of the court to dismiss it. The idea of the plaintiff in error is, that section 2960 of our Code alters

the rule of pleading of the common law.   At common law the husband must join the wife to bring such a suit: 1 Chitty's Pleading, 73.   But it is urged that, as by section 2960 of the Code, the right is conferred on the *husband* to sue for a *tort* to the wife, as to a child or servant, and all are grouped in the same section, and apparently put on the same footing, therefore the rule of pleading is changed.   It may probably be to the extent that the wife *need not* be joined, and that the husband *may sue alone;* but certainly the rule is not repealed.   The pleading at common law is not altered expressly, nor by implication; and the joinder is harmless, if not the correct practice.   We rather think the old fashioned way the safer, as no other is furnished by the Code.   At all events, it is right, and a good way, and there might be the right of survivorship in the wife, and we affirm the judgment.

Judgment affirmed.