## The City of Atlanta *vs.* Dorsey.

A wife, although living with her husband, may sue and recover in her own name for a tort committed to her person causing physical injury to her.

(*a.*) Section 1755 of the Code, in so far as it restricts the right of a married woman to sue in such a case, is modified by section 1754.
February 7, 1885.

Husband and Wife. Parties. Actions. Before Judge Dorsey. City Court of Atlanta. December Term, 1883.

Reported in the decision.

E. A. Angier ; W. T. Newman, for plaintiff in error.

John Milledge ; Haygood & Martin, for defendant.

Jackson, Chief Justice.

Matilda Dorsey brought suit against the city of Atlanta for damages, for injuries to her person by falling into an

opening in the sidewalk on one of the streets of the city, which, she alleged, was negligently uncovered and unguarded. On the trial, the evidence of plaintiff showed that she was a married woman, living with her husband at the time of the accident, when suit was brought, and at the time of the trial.

When this evidence came out, by consent of counsel, the case was suspended and a motion made for a non-suit on the evidence then in, on the ground that the right of action for the injury received was in the husband. After argument, the court granted the non-suit.

Subsequently, during the same term, plaintiff moved to reinstate her case, and the court, after argument, granted the motion, and reinstated the case. To this judgment, reinstating the case, defendant excepts.

The single question presented, therefore, in this case is, can a married woman, living with her husband, sue for a tort, being a physical injury to her person, in her own name?

In 57 *Ga.*, 252, this court held that the husband could sue and join the wife in the action. The point now is, can the wife sue alone?

By the Code, §1754, following the constitution of 1868, or according with it, all property, real, personal or choses in action, are made the separate property of the wife, and all property given to, inherited or acquired by the wife, during coverture, is vested in her. What property during coverture is thus vested in her? That enumerated in the first paragraph, to-wit, real, personal or choses in action. So that a chose in action acquired by the wife during coverture is made her separate property, and if so, of course she can sue for it.

Is the right of action for a tort a chose in action?

By the Code, §2243, it is declared that "for every injury done by another to person or property, the law gives a right to recover, and a remedy to enforce it; such a right is a chose in action, and such a remedy is an action or suit

at law." Therefore, this being an injury to her person, is a chose in action of hers, and she may sue for it. Nor does either section, 1755 or 2960 of the Code, deprive her of this right. The husband may recover for it, it is true, as was held in 57 *Ga.*, 252; but when recovered by that mode of suit, the amount recovered is hers. "Every person may recover for torts committed to himself, or his wife, or his child, or his ward, or his servant," is the declaration of the law in section 2960 of the Code. But can the guardian pocket what he recovers for the tort to his ward? To put the question is to answer it. Surely he must account to the ward for it. Section 1755 enacts that "if a tort be committed upon the person or reputation of the wife, the husband may recover therefor; if, however, the wife were living separate from the husband, she may sue for such torts, and also torts to her children, and recover the same to her use. In like manner, when separated from the husband, she may enforce contracts in reference to her own acquisition." It is contended by the able counsel for the city that thus it is enacted she can only recover for torts to herself when living separate from her husband; but if so, what about her enforcing contracts? For the same section declares she may enforce them, of course by suit, when separated from her husband. If by this section she cannot sue for a tort, neither can she for a contract about her own acquisitions. Yet nobody questions that she may sue for breach of contract about her own acquisitions, whether living with or apart from her husband. The truth is that whatever restrictions were placed on her right to sue in section 1755, were put there before the woman's separate property rights were declared by law, and all those restrictions were swept away by the woman's law; and in so far as those sections may collide with section 1754 of the Code, the act there codified swept them away like a whirlwind, and they are gone to parts unknown—at least, to parts outside the limits of this state.

Judgment affirmed.