GRIMSBY, administrator, *vs.* HUDNELL.

1. Where the legal title is in an executor, administrator or trustee, and the beneficial interest is in an infant, if the former is barred by the statute of limitations, the latter also is barred ; and if the legal title were in a guardian, and the beneficial interest in the cause of action were in an infant, perhaps the same rule would apply ; but where the title or right of action is in the infant, although the guardian might maintain the action for the infant, the bar of the statute would not attach until the lapse of the period prescribed by the statute after the termination of the minority.
2. Where there were filed a number of exceptions to an auidtor's report, but the last three fully embraced the others and went to the entire report, and the case could have been, and doubtless was, fully tried on those exceptions, there was no error in striking the others on demurrer.

April 27, 1886.

Statute of Limitations. Infancy. Guardian and Ward. Auditors. Practice in Supreme Court. Before Judge JOHN T. CLARKE. Clay Superior Court. March Term, 1885.

Chas. M. Hudnell and Leola Hudnell brought their bill against Richard B. Grimsby on August 14, 1883. Chas. M. subsequently dismissed the bill, as to himself, leaving Leola the only complainant. The bill alleged, in brief, as follows: In 1865, Jared Hudnell, the father of complainants, died, leaving a widow and ten children as his heirs at law. The widow only survived him a few weeks. He left a large estate, both of realty and personalty, valued at $25,000, or other large sum, and his debts, if any, were small. In February, 1866, Patrick Hudnell, a brother of complainants, became administrator, converted the estate into money, and had in hand $1,950.00, or other large sum, as the distributive share of each of complainants. On November 5, 1866, Patrick Hudnell became the guardian of the minor children, including complainants. In 1867, as administrator of the estate and guardian of the children, he obtained an order from the superior court to allow him to invest the funds in his hands as guardian in a plantation. At that time, he had in hand $12,050.10, of which three-thirteenths belonged to him and two-thirteenths to each of his wards, which amounted to $1,961.54. He purchased a plantation in Early county, known as the "Speight place," with the stock, tools and crops thereon, agreeing to pay therefor $14,000, or other large sum. He had loaned out a large portion of the money belonging to his wards. He paid on the purchase money of the place about $4,000.00. In 1867, he died, and in November, 1867, defendant, Grimsby, was appointed his administrator, and took possession of the property, collected the notes and converted personalty into money, and from 1867 to 1873, he controlled the plantation and made crops thereon and sold the same, and finally sold all the personalty. He has never accounted

to complainants therefor, although payment has been demanded of him by their duly authorized agents. The accounts between the parties are so mixed that a complete legal remedy cannot be had. Discovery was waived, and the prayers were for an accounting as to the personal property, notes and rents, and for subpœna and general relief.

The answer was, in brief, as follows: Denies amounts claimed by complainants, and prays strict proof. Says it may be true that his intestate became administrator of his father, and may have received an amount of money from the estate, and he may have filed the petition and obtained the order stated in the bill, but denies that he had the amount of cash charged in the bill, or that the interest of complainants was the amount claimed by them. In fact, a large part of what Patrick Hudnell had in hand was in notes ($7,979.37). When he purchased the Speight place, he paid some $5,000 in cash, took a deed and gave a mortgage for the balance. For the purpose of protecting any interest his wards might have, he gave bond in the sum of $20,000.00. He farmed in the year 1867 on his own account, contracted, made purchases, etc., in his own name, and not for his wards. After the death of Patrick Hudnell, in 1867, defendant became his administrator and took charge of the property as such. He was induced to become such at the urgent request of Speight and Holland, who were brothers-in-law of Patrick, and the sureties on his bond as guardian. They represented to him that Speight held the mortgage for purchase money of the place; that he did not wish to foreclose it, but defendant could, as administrator, farm on the place, and pay the debt from the proceeds, and that Speight would make advances for that purpose, and thus the place could be saved to the heirs. He acceded to these requests in behalf of the family, and became administrator, took charge of the property, sold the perishable property, and proceeded to work the place, purchase supplies, etc., and pay the net proceeds on the debt, which was transferred by

Speight to Holland. In 1869, defendant first learned that, when the property was paid for and relieved from the mortgage for purchase money, the children would have an interest in it. Guardians were appointed for the children, D. C. Adams being appointed guardian for Leola Hudnell. Had defendant stopped paying on the place, it would have been sold at forced sale, and would have brought little or nothing. All being represented, it was considered best for all parties to allow the farm to continue, and Holland, who controlled the mortgage, agreed to furnish the minors with board, clothes, etc., and to furnish supplies for the plantation, in order to allow it to be worked, and to save it from being lost. Defendant exercised all due care in conducting the farming operations; he acted in good faith, and converted nothing to his own use, except his legal commissions; but the proceeds were paid out, first, in paying for supplies, etc.; secondly, for the support, maintenance and education of the children; and thirdly, towards freeing the property from the incumbrance on it. The plantation was not worth more for rent than it actually yielded. In 1872, Holland died. His administratrix, in 1873, foreclosed the mortgage, and the plantation was sold under levy. As showing the amounts as received from all sources, sales, crops, etc., and the amounts expended by defendant, he attaches certain annual returns as administrator.

He also pleaded the bar of the statute of limitations.

The case was referred to an auditor, who made a report, finding in favor of Leola Hudnell and against Charles M., on the ground that his action was barred by the statute of limitations. Exceptions were filed to the report. The first twelve were stricken on demurrer. They need not be set out in detail. It may be stated that one of them was that the action should have been against Grimsby in his representative character and not individually. The other three were submitted to the jury and were as follows:

(13.) Because the auditor erred in his said report in find-

ing for complainant, Leola Hudnell, any part of rent for the years 1868, 1869, 1870, 1871, 1872 and 1873, as set out in his said report in the third item thereof; because the same was without evidence to support said finding and decidedly and strongly against the weight of evidence; because the evidence shows that said property, for which rent was charged, was chargeable with just, valid and outstanding debts against said property; because the evidence in said case shows that said rents were applied to payment of said equitable and outstanding indebtedness; and because the evidence before said auditor and facts in said case show that said rents did not go into the hands of respondent, but to respondent as administrator of estate of Patrick Hudnell, and without notice of any claim thereto on the part of complainant.

(14.) Because the auditor erred in his said report in finding for complainant any part of proceeds of sale of any personal property, or conversion of any property, as set in item 4 of his said report, to the amount of $2,626.56, principal, $3,113.43 interest; because the finding of said amount so due, and complainant's interest therein was decidedly and strongly against the weight of evidence before said auditor, and contrary to the facts in said case; because the evidence before said auditor and the facts in said case show that the proceeds arising from said property and said amounts so set out were applied to payment of legitimate debts and demands against said sum and property, from which said amounts were deducted; because the evidence does not show how said amounts were arrived at and does not show any interest of complainant in and to said sums. ·

(15.) Because said auditor erred in his said report in finding for complainant any interest in the mules as set out in 5th item of his said report, and in charging defendant with the value of said six mules, to-wit, $125.00 each, total $750.00, principal, $573.14 interest; because said finding is decidedly and strongly against the weight of evi-

dence; because the evidence in said case shows that the proceeds arising from same went to discharge a debt with which said complainant and said property was chargeable.; and because the evidence of Thos. E. Speight before said auditor showed that said mules were bought by Patrick Hudnell while in life, and paid for by R. B. Grimsby.

The jury found in favor of the report, and the defendant excepted.

JOHN C. WELLS; A. HOOD & SON, by J. H. LUMPKIN, for plaintiff in error.

G. W. WARWICK; W. D. KIDDOO, for defendant.

BLANDFORD, Justice.

1. This case arises upon exceptions filed to an auditor's report.

The first assignment of error is, that the court held that defendant in error was not barred by the statute of limitations, because she was an infant when her right of action accrued, and her action was brought within four years after attaining her majority, although she had a guardian during her minority, and this ruling is the main error complained of.

The right of action in this case was in the infant, and although her guardian might maintain the action in the infant's name, the title or right was in her. If the legal title had been in the guardian, and the infant had the beneficial interest in the cause of action, then perhaps, as the guardian would have been barred, the infant would also have been barred. This is the rule applied in cases of executors, administrators and trustees, the beneficial interest being in infants. *Wingfield vs. Virgin*, 51 *Ga.*, 142; 43 *Id.*, 288, 290.

We see nothing in this case to take it out of the exceptions as laid down in §§2926 and 2927 of the Code.*

*See *Christian et al. vs. Westbrook et al.*, 75 *Ga.*, 852.

2. The next assignment of error is because the court sustained a demurrer to all of the exceptions filed by plaintiff in error to the auditor's report but the three last. In this we think the court did right, because the three last exceptions embrace fully the other exceptions stricken and go to the entire report, and the case could have been, and was, doubtless, tried fully on the three last exceptions. There is no motion for new trial in this case, and no exceptions to any rulings of the court upon the trial of the case.

Judgment affirmed.