MONROE v. SIMMONS.

One who was born in 1857, and for whom a guardian was appointed
in 1866, was not barred of recovery from the surety of his father's
administrator, in a suit commenced on the 29th of August, 1887,
his father having died in December, 1857, or January, 1858; the
administrator having sold the estate, settled with all the heirs at
law except the plaintiff, left Georgia prior to 1865 and since re-
sided out of the State; and the guardian never having received
anything from him on account of the plaintiff's interest, and hav-
ing died when the plaintiff reached majority. The administrator
could not have accounted with the plaintiff while he was a minor
and had no guardian; and there having been no breach of the
administrator's bond prior to 1866, no right of action had accrued
to the plaintiff; and the failure of his guardian to sue for his in-
terest will not operate to his prejudice. This differs from a case
where an infant legatee, heir at law or trust beneficiary is barred
by the failure of the executor, administrator or trustee to sue
within the time required.

December 20, 1890.

Administrators. Actions. Limitations. Minors.
Before Judge GOBER. Pickens superior court. April
term, 1890.

Reported in the decision.

J. A. BAKER, for plaintiff.

C. D. PHILLIPS and W. H. SIMMONS, for defendant.

BLANDFORD, Justice.

This case in the court below was referred to an audi-
tor who held, and so reported to the court, that the
plaintiff in error (who was the plaintiff in the court below)
was barred of his right to recover, under the act of the
16th of March, 1869, which required all causes of action
which originated or accrued prior to the first of June,
1865, to be brought by the first day of January, 1870,
or the same should be thereafter barred. The case is
this: P. D. Monroe, the father of the plaintiff in error,
died intestate "in December, 1857 or January or Feb-
ruary, 1858," leaving surviving him his widow, a daugh-

ter, a son, and the plaintiff in error. T. L. Monroe took out letters of administration upon his estate, which was valued at about $4,000, at the June term, 1858, of the court of ordinary of Pickens county, giving bond and qualifying as such administrator. Afterwards one of the sureties on the administrator's bond applied to the ordinary to be relieved, and at the July term, 1862, was discharged, the administrator giving a new bond with James Simmons as his surety. It further appears that T. D. Monroe, the plaintiff in error, and one of the heirs of P. D. Monroe, deceased, was born in the latter part of the year 1857, and therefore never arrived at age until 1878. The administrator sold the estate of P. D. Monroe, deceased, and settled with all the heirs at law except the plaintiff in error, who was then a minor; left the State of Georgia prior to the year 1865, taking with him all the money realized from the estate of the intestate, except that which had been distributed among the widow and other heirs at law, and has since resided outside of this State. In 1866 a guardian was appointed for the plaintiff in error, but said guardian never received anything from the administrator on account of his ward's interest in said estate. The ward became of age in 1878, at which time his guardian died. He brought this bill on August 29th, 1887, against Simmons, the surety of the administrator, alleging that the administrator still resided outside of the State, and he and his surety failed and still fail and refuse to account and pay over to him his distributive share of said estate. The question in the case, therefore, is whether the auditor was right in holding that the plaintiff in error was barred by the statute of limitations, either under the act of 1869 or any other statute of this State.

We do not think the plaintiff in error was barred of his right of action by virtue of the act of 1869. When

the administrator of the father of the plaintiff in error sold the property belonging to his intestate's estate and converted the same into money, his duty was to pay off the debts of the estate, and then give to the several heirs their distributive share of what remained in his hands. He could not have accounted with the plaintiff in error, because the plaintiff in error was then a minor and had no guardian. Hence we do not think he was guilty of any *devastavit*, or that he incurred any liability to the plaintiff in error (he being a minor and without a guardian), until the year 1866; and there being no breach of the bond prior to 1866, therefore no right of action accrued to the plaintiff in error prior to that time. We do not think the act of March 16th, 1869, governs this case, as by the very terms of that act, the plaintiff's right of action not accruing until after the first of June, 1865, the limitation therein prescribed would not attach to plaintiff's claim. See Acts of 1869, p. 133. Nor do we think the failure of the guardian to bring a suit in the name of his ward, after he was appointed in 1866, can be imputed to the minor. We think the saving in the statute (Code, §2926) that "married women, infants, idiots or insane persons, or persons imprisoned, who are such when the cause of action accrues, shall be entitled to the same time, after the disability is removed, as is prescribed in this code for other persons," applies to this case. See *Jordan* v. *Thornton*, 7 *Ga.* 517; *Munroe* v. *Phillips*, 64 *Ga.* 32. The right of action in this case being in the plaintiff in error who was a minor, and not in his guardian, the exception in favor of infants is one in his favor; and because the guardian might have sued in the name of his ward to recover the property, but failed to do so, will not operate to the prejudice of the infant. This is not a case as of a trustee, executor or administrator, who having failed to bring suit within the time re-

quired by law, the infant *cestui que trust* or infant legatee or heir at law would be barred. We are of the opinion that the statute of limitations (other than the act of 1869), which is prescribed in our code, did not begin to run against the plaintiff in error until his arrival at majority in the year 1878; and he having brought his action for a breach of the bond within twenty years from the time of his becoming of age, he is not barred by the statute of limitations of this State from prosecuting the same. So we think that the court below committed error in overruling the exceptions of the plaintiff in error to the report of the auditor finding that the plaintiff in error was barred by the statute of limitations; and the judgment of the court is therefore

· *Reversed.*