35239. BROWN *v.* SEABOARD AIR LINE RAILROAD CO.

DECIDED OCTOBER 13, 1954—REHEARING DENIED OCTOBER 29, 1954.

36

*Ben Smith, O. C. Hancock, D. W. Rolader,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, Henry B. Troutman, Jr., J. Glenn Giles,* contra.

FELTON, C. J. While ordinarily the cause of action for lost earnings and medical expenses expended is in the father of a minor child (Code § 105-107; *Sheffield* v. *Lovering,* 51 *Ga. App.* 353, 354 (3), 180 S. E. 523), a father may emancipate his minor child (*Hargrove* v. *Turner,* 112 *Ga.* 134, 37 S. E. 89, 81 Am. St. R. 134), and thereby vest in the child the right through his guardian or by next friend to sue for such damages. *Coleman* v. *Dublin Coca-Cola Bottling Co.,* 47 *Ga. App.* 369 (170 S. E. 549). The right of action is a single one and cannot be vested in both the father and child at the same time. It must be vested in one or the other. In a minor's action seeking damages for lost earnings and medical expenses, he seeks damages which are ordinarily recoverable only by the father. In a minor's action for such damages, where he sues through his father as his next friend, while the father is not an actual "party" to the action, he nevertheless necessarily acquiesces in the maintenance of and espouses that action. This conduct would amount to an acknowledgment by the father that his minor child had been emancipated, and that the cause of action for the damages sued for is in the child.

While it is true that a father may revoke his emancipation of his minor child, once he divests himself of a cause of action for loss of earnings and medical expenses and vests such cause of action in the child by emancipating the child, and the child sues on the cause of action and pursues it to judgment, the father cannot revest the cause of action in himself by revoking his emancipation of the child. An estoppel in pais would arise based on the same principle as where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject matter and against the same adversary, a contrary position. See *Hughes v. Field,* 177 *Ga.* 128, 132 (169 S. E. 344); *Bruce v. Bruce,* 195 *Ga.* 868 (25 S. E. 2d 654). This would apply whether a jury returned a verdict for the plaintiff or the defendant. By such conduct in the child's action, the father would lead the defendant to believe that the child had been emancipated and thereby deprive the defendant of the defense that the cause of action for damages for loss of earnings and medical expenses is not in the child but in the father, and would cause the defendant to subject himself to possible liability for those items of damages.

In the instant case, the defendant in his plea of estoppel alleges: "Among the items of damages submitted to the jury for its deliberation and determination as to whether or not any recovery should be had therefor against Seaboard Air Line Railroad Company was (1) loss of salary to Gilbert Brown, (2) hospital expenses incurred for Gilbert Brown, and (3) ambulance service rendered Gilbert Brown." Had the defendant sustained such allegation by competent evidence, what has been said above would apply, and the court would have been correct in its ruling on the plea. However, since the bill of exceptions recites that the evidence introduced at the hearing on the plea was the petition in Gilbert Brown's action, the defendant's answer, the jury's verdict and the judgment thereon, and it does not appear that any evidence was introduced in support of the allegation that the issues of lost earnings and medical expenses were submitted to the jury, there was insufficient evidence to sustain the plea.

The court erred in sustaining the plea and in dismissing the action.

*Judgment reversed. Quillian and Nichols, JJ., concur.*