### 37744. PRUITT v. PIERCE.

DECIDED NOVEMBER 16, 1959—REHEARING DENIED
DECEMBER 3, 1959.

*Greene, Neely, Buckley & DeRieux, Ferdinand Buckley,* for plaintiff in error.

*G. Seals Aiken, Rex T. Reeves,* contra.

QUILLIAN, Judge. 1. The plaintiff's minor son, Henry W. Pierce, was struck and injured by an automobile owned and driven by the defendant at about 7 p.m. on August 1, 1952, in front of the plaintiff's home on the west side of Georgia Highway No. 85 about two miles south of Riverdale. Henry, who was 11 years old at the time, had been riding a motor scooter in and around the yard and driveway of the plaintiff's home for some time during the afternoon. He testified that just before he was struck he drove the scooter down the driveway toward the paved road, but turned to the right some three or four feet before reaching the pavement, intending to ride back across the front yard. The scooter was struck from the rear by the defendant's automobile and Henry was thrown some 60 feet, suffering various injuries. While the defendant and several other witnesses testified that Henry drove onto the pavement in the path of the defendant's vehicle, Henry's own testimony created a question for the jury whether the defendant struck him on the pavement or in the driveway adjacent thereto. The jury could have found from the evidence that the defendant struck the scooter in the driveway of the plaintiff's home, that he failed to keep proper lookout as he

approached said driveway and failed to maintain adequate control of his vehicle so as to avoid striking the motor scooter therein. Under these circumstances there is no merit in the general grounds of the motion for new trial.

2. Ground 4 assigns error on the following charge of the court: "Likewise, in this case, gentlemen, the father, who is the plaintiff, is suing for the medical expenses of his son. Another item of damages that is recoverable by the father, where there is liability, is the reasonable value of reasonable medical services incurred by the father on account of such injuries to his son. What would be reasonable medical services, and the reasonable value of the same, are all questions which present themselves to the jury. Likewise, gentlemen, in reference to future medical services, if the evidence shows with clarity that there would be future medical services, the jury may consider those matters, as you believe the evidence would warrant in the case." The exception to the charge is that it was not authorized by the evidence. There was sufficient proof of the child's condition, the costs of treatment up until the trial and of the probable duration of the condition that would require treatment of a similar nature to the kind that had been administered. This furnished as good factual foundation for the jury's estimation of future medical expenses as the law contemplates. To such a situation the rule is applicable that mathematical certainty can not be attained in legal investigations, but only moral and reasonable certainty. That which is subject to change in the future can not be computed with exactness, but the jury can only determine what is probable from existing facts.

3. Special ground 5 assigns error on the failure of the court to charge the jury that the plaintiff was entitled to recover only the reasonable value of such future medical services and expenses as he might reasonably be expected to incur for the treatment of his son prior to the age of 21 years for injuries which his son sustained as a result of the collision. The charge was not error. It did not, as the defendant contended, fail to instruct the jury that the medical expense could be recovered only until the injured child reached a majority. The time for which the plaintiff claimed the right to recover such expenses clearly appeared when

the court read the pleadings to the jury, one of which was that the plaintiff sought recovery for such medical expenses only until the child became 21 years of age.

4. Special ground 6 assigns error on the failure of the court to grant the defendant's written request to charge in substance that if the plaintiff in the exercise of ordinary care could have avoided the consequences of the defendant's negligence, he could not recover. Special ground 7 assigns error on the failure to charge on the subject of the plaintiff's negligence as the sole proximate cause of his damages. It is contended by the defendant that there is evidence that the plaintiff's son had ventured onto the highway on previous occasions and that from the plaintiff's own testimony he had ample time after observing the approach of the defendant's automobile to shout a warning to his son not to enter the highway and could thus have prevented the collision. While this may be true, there is no evidence to show that the plaintiff knew that his son would actually drive onto the pavement on this occasion or that his son was unaware of the approaching danger, so as to render a warning necessary or proper. These grounds are without merit.

5. Special ground 8 assigns error on the failure of the court to charge the jury that if they should find from the evidence that the negligence of the plaintiff's son was the sole proximate cause of any injuries or damages which the plaintiff may have sustained, they should find for the defendant. The defendant submitted no written request to charge in this particular, and the only conduct of the plaintiff's son which is specially pleaded in the amended answer as the sole proximate cause of his injuries is the operation of the motor scooter on the left-hand side of the highway. This allegation is not supported by the evidence, and there is no merit in this ground.

6. Special ground 9 complains of the refusal to declare a mistrial because, after the plaintiff had given the competent evidence: "He said that his name was Hoyt Ray Pruitt, that it was all his fault, that he was going so fast he couldn't stop his car, and was fully covered by insurance, with Travelers Insurance Company, and he would see that they paid all the damages . . ." He related further: "Q. All right. Now, just tell

the jury what took place at that time, with reference to the particular . . . A. Well, we were standing there talking, and . . . Q. Who? A. Hoyt Ray Pruitt and myself. And he said 'I'm going to turn in this insurance report the first thing in the morning'." The first quoted excerpt was of a conversation between the plaintiff and the defendant at the locus of the collision resulting in injury to the plaintiff's son and immediately after it occurred. It was obviously admissible. The latter quotation was from a conversation which took place later at the hospital. The first conversation fully informed the jury of the defendant's insurance coverage, the latter conversation did not apprise them of any additional fact that would make it more plainly to appear that the defendant was covered by insurance.

In *Steinmetz* v. *Chamblee*, 90 *Ga. App.* 519, 528 (5) (83 S. E. 2d 318) it is held that the test of whether an allusion to the defendant being insured against liability for the damage alleged to have been done is ground of mistrial depended upon whether it was prejudicial. There it was held: "Moreover, the defendant did not show in this ground of the motion for new trial that the mere allusion to an insurance company, without more, was hurtful to it, it not being made to appear that the jury had not been interrogated as to whether they were stockholders, or kin of stockholders, of the insurance company at the time they were qualified. If they had been so qualified, they were already informed that the defendant was insured. This being true, the mere mention of insurance brought to their attention no new fact."

Here the jury having been thoroughly apprised of the defendant's insurance coverage by competent evidence, the mere allusion to such coverage was not ground for mistrial.

Where from competent evidence the jury is thoroughly informed that the defendant is insured against liability for damage done the defendant, a mere passing allusion thereafter made to such coverage is not ordinarily prejudicial.

*Judgment affirmed. Gardner, P. J., Townsend and Nichols, JJ., concur. Felton, C. J., and Carlisle, J., dissent.*

FELTON, Chief Judge, dissenting. I cannot agree with the conclusions in Divisions 2 and 3 of the majority opinion on the

issue of future medical expenses. Assuming, as contended by the plaintiff, that there is some evidence to show that medical expenses will be incurred in the future for treatment of his son's injuries, there is no evidence to guide the jury in arriving at the reasonable value of such expenses. The plaintiff himself did state that in his opinion, "$50 a month would be cheap" but admitted on cross-examination that he was "just guessing at it." Dr. Frederick Lovell testified that "a condition like that would require a lengthy course of treatment." The plaintiff's son testified that he had never stopped going to doctors for treatment and had never recovered from his injuries. None of the medical witnesses testified as to the frequency or cost of future treatments. In my opinion there was no substantial evidence to guide the jury in arriving at the reasonable value of future medical expenses. *Georgia Power Co.* v. *Watts,* 56 *Ga. App.* 322, 324 (192 S.E. 493).

I further believe that the failure of the court to charge the jury that the plaintiff could recover future medical expenses only up to the time his son reached the age of 21 years was prejudicial error. While no written request for such instructions was made at the trial, this issue was raised by the pleadings and the evidence, and the failure of the court to instruct upon it was error. "It is the settled general rule that a trial judge, whether requested in writing or not, should give to the jury appropriate instructions on every substantial, vital, and controlling issue presented by the pleadings and evidence." *Rome Ry. & Light Co.* v. *King,* 33 *Ga. App.* 383 (2) (126 S. E. 294) and cases cited. Furthermore, I do not think this issue was satisfactorily presented by the court's references to the pleadings, as stated in the majority opinion. The trial judge did not read the pleadings on this point in his instructions to the jury, but simply stated: "I am not going to read you the pleadings in this case verbatim. . . . You will have all of these pleadings out with you, and you *may* read the plaintiff's petition. . . . and thoroughly *understand for yourselves* the contentions which the parties are making in this case." (Emphasis added.) I do not think that this language was an appropriate instruction upon this substantial and vital issue.

Carlisle, J., concurs in the foregoing dissent.