45775. SHINALL v. HENDERSON.

JORDAN, Presiding Judge. This is a personal injury action arising out of a vehicular collision. The defendant admitted liability in causing the collision, leaving for jury resolution the fact of personal injury, if any, and the amount of damages. The jury found for the plaintiff, and the defendant appeals from the judgment on the verdict. The issues on appeal, as argued and insisted upon, are limited to the special grounds of the motion for a new trial. *Held:*

1. The trial judge properly allowed the jury to consider the loss of earnings and medical expenses as items of damages, as claimed in the complaint, even though the plaintiff was a minor seeking recovery through his father. "In a minor's action for such damages, where he sues through his father as next friend, while the father is not an actual 'party' to the action, he nevertheless necessarily acquiesces in the maintenance of and espouses that action. This conduct would amount to an acknowledgment by the father that his minor child had been emancipated, and that the cause of action for the damages sued

for is in the child." *Brown v. Seaboard A. L. R. Co.*, 91 Ga. App. 35, 36 (84 SE2d 707).

2. The testimony of two attending physicians is in substantial accord as to their actual knowledge and diagnosis of the nature and extent of the injuries. Consequently, the error, if any, in allowing one physician to state a diagnosis of the other, was harmless, even if it was inadmissible hearsay and of no probative value.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

SUBMITTED NOVEMBER 2, 1970—DECIDED JANUARY 5, 1971.

*Ingram, Flournoy & Downey, Lynn Downey,* for appellant.
*William E. Spence, John McGuigan,* for appellee.