48855. CITY OF DALTON v. WEBB et al.

BELL, Chief Judge.

The plaintiffs, husband and wife, jointly brought this suit. The husband's action was for loss of service and medical expenses, which allegedly resulted from a tortious injury to his minor son. The wife based her claim on the allegations that at the time of the injury to her son she was gainfully employed at "public works" but was deprived of her ability to continue to work and earn money from the date of her son's injury and for a continuing period of time. Defendant's motion to dismiss the wife as a party and to strike the allegations of the complaint pertaining to her claim was denied and the denial certified for immediate review. *Held:*

The right to recover damages for loss of services and medical expenses from a tortious injury to a minor is in the father. *Krasner v. O'Dell,* 89 Ga. App. 718 (2) (80 SE2d 852). The wife contends that her claim is separate and distinct from her husband's in that the discontinuing of her employment and the accompanying loss of wages were necessitated by her son's injury as she had to care for him

during his convalescence period. We disagree. The father of a minor is bound by law to provide necessary medical care to his minor child. Code § 74-105. Even a mother's nursing care given to her child because of a tortious injury is a part of the medical services which the father is required to furnish. While the mother's actions in this instance commendably fulfilled the noblest of human instincts, the law does not accord her the legal right to sue to recover the wages she lost when she voluntarily left her employment to care for her young. The father alone has the right to sue to recover medical expenses necessitated by a tortious injury to the child. This the law accords to him since the law makes it his legal duty and obligation to provide his minor children with necessaries — of these medical care is one.

The trial court erred in denying defendant's motion and we direct the lower court to sustain defendant's motion.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED APRIL 17, 1974.

*Pittman, Kinney, Kemp, Pickell & Avrett, John T. Avrett,* for appellant.

*McDonald, McDonald & McDonald, Ernest McDonald,* for appellees.