## 56529. UNITED INSURANCE COMPANY OF AMERICA v. MOORE.

QUILLIAN, Presiding Judge.

The appellee, George Moore, sued to recover on a policy of disability insurance issued to him by the appellant, United Insurance Company of America (United). The insurer had paid monthly total disability benefits to Mr. Moore beginning June 7, 1974, and then without explanation or request for medical examination, terminated all payments on August 1, 1975. United had received a report that Mr. Moore had resumed working. Mr. Moore denied that he had a job. The complaint sought the sum of $4,760.76 for past due benefits up to July 1, 1976, monthly benefits in the sum of $396.73 after July 1, 1976, under the long-term disability provisions of the policy until he reached the age of 65 years, plus punitive damages of 25% for bad faith of the insurer, and attorney fees of $500.

Judgment was rendered for plaintiff for "$4,760.73, plus $396.73 monthly under the long-term disability insurance premium, plus 5% penalty for bad faith (and that figure is $238.04), plus $500 attorney's fees." Defendant brings this appeal. *Held:*

1. Counsel for appellant has failed to follow Rule 18 (c) (1) of this court (Code Ann. § 24-3618 (c) (1)). This rule provides that in Part Three of the appellate brief, "[t]he

sequence of argument or arguments in the briefs shall follow generally the order of the enumeration of errors, and shall be numbered correspondingly."

Appellant has enumerated eight errors. Part Three of his brief contains no numbered paragraphs and no references to any enumerated error.

No mention has been made of enumerated errors 3, 4, and 5. They are not argued nor has any citation of authority been included which would have relevance to those enumerated errors. They have been abandoned.

2. Enumerated errors 1, 2, and 6, also have not been mentioned, nor has any citation of authority been included which has reference to those errors, in part three of appellant's brief. However, since appellant has argued the facts which form the basis for those errors we will not treat them as abandoned. The appellant complains of the failure of the trial court to grant his motions for judgment notwithstanding verdict, for a new trial, as well as overruling his motion for a directed verdict.

Following a verdict which has the approval of the trial court, the evidence must be construed by an appellate court in the light most favorable to the prevailing party with every presumption and inference being in favor of upholding the verdict. *Smith v. Hornbuckle,* 140 Ga. App. 871, 879 (232 SE2d 149). And if there is any evidence to sustain the verdict of a jury, this court will not disturb it. *Worn v. Sea-Cold Services, Inc.,* 135 Ga. App. 256 (2) (217 SE2d 425).

Direction of a verdict is proper only when there is no conflict in the evidence as to any material issue and when the evidence introduced, with all reasonable deductions, demands the verdict. *Isom v. Schettino,* 129 Ga. App. 73, 74 (199 SE2d 89). The evidence did not demand a verdict for the insurance company. Thus the trial court did not err in failing to direct a verdict for United.

The general grounds were assigned as the basis for the appellant's motion for a new trial. There is ample evidence of record to support the verdict of the jury. Similarly, where the verdict was authorized by the evidence, overruling a motion for judgment notwithstanding verdict was not error. *Johnson v. Fulmer,* 129 Ga. App. 317 (2) (199 SE2d 639). These enumera-

tions are without merit.

3. The seventh enumerated error alleges the court "erred in allowing an anticipatory or future verdict and judgment in the case when there is no evidence whatsoever in the record of any future permanent disability of the Appellee."

The appellee had demanded in his complaint payment of past amounts claimed due and future amounts in the amount of $396.73 monthly until he reached age 65 — which was the period stated for disability coverage in the policy. The jury awarded the past amounts claimed due and "$396.73 monthly under the long-term disability insurance..." In argument, appellant asks the rhetorical query: "Is there any evidence in the record to justify this verdict and judgment? We submit that no evidence is to be found within the record to justify an anticipatory judgment." We disagree. Dr. Wills testified that he had "known and treated [the appellee] since the middle 60s, and I have a record that is just filled with information on him that has come partly from me, partly from my medical associate, and partly from the cardiologists in Augusta ... And on the basis of all this information ... I think I can say for certain in this particular case that he had adequate means to retire medically if he desired to do so ... he very definitely has physical illness to the extent that doctor boards and authorities would state that he has reason to retire and on the basis of this disability." In response to the question of "would this be a permanent disease or a temporary disease," he answered: "Generally speaking, it would be permanent." The appellee's wife, a nurse, testified as to the type and amount of medication the appellee required for his "vascular condition," and that he had chest pains "on the least exertion," that he could not "do anything," not even cutting grass or picking up sticks around the house. The limits of his activities were that he "reads . . . sits and watches television."

The appellee testified that he qualified for total disability payments the first time and his condition has not changed. Accordingly, there is evidence to support the verdict and judgment. We are bound by the "any evidence" rule. We find no merit to this enumeration.

4. The last enumeration of error alleges the court

erred in allowing an award of $500 attorney fees "when the amount sought by Appellee was $6,450.95, and the amount recovered was $4,760.73 . . ."

Appellant relies upon *Home Mut. Ins. Co. v. Callaway,* 114 Ga. App. 316 (151 SE2d 182), which held: " 'Where the verdict in a suit on an insurance policy is for substantially less than *the amount claimed in the proof of loss* and less than *the amount demanded in the petition* no recovery for damages and attorney's fees is authorized.' " (Emphasis supplied.)

The amount claimed in the petition for past amounts was $4,760.76, future monthly benefits of $396.73, $500 attorney fees, and 25% for bad faith of the insurer. The jury verdict gave the appellee $4,760.73 (-.03c), $396.73 monthly, $500 attorney fees, but only 5% punitive damages for bad faith. *Callaway* does not support appellant's contentions. The appellee received what he alleged was his loss. The fact that the jury awarded a 5% penalty for bad faith rather than 25% does not require the striking of attorney fees. Cf. *General Refractories Co. v. Rogers,* 240 Ga. 228 (2) (239 SE2d 795).

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 7, 1978 — DECIDED OCTOBER 30, 1978.

*Walton Hardin,* for appellant.
*Orr & Kopecky, Melvin P. Kopecky,* for appellee.