## 59744. HICKS v. FULTON COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

DEEN, Chief Judge.

This is an appeal from an order of the Juvenile Court of Fulton County adjudicating the minor daughter of the appellant to be a deprived child, ordering custody transferred to the appellee child agency, and requiring payment by appellant of $15.00 per week as child support.

It appears that in 1969 a court order had removed custody of the child from the appellant to the maternal grandparents, with whom she lived until her grandmother died and her grandfather moved to Florida, the father paying a small amount of support to the custodians. In 1978 she returned to her father's house. The testimony as to why she left shortly thereafter (at the age of 14) is in dispute, the appellant contending that she was ungovernable and the minor that she was subjected to beatings and other abusive treatment. She then went in turn to the home of each of her two sisters; in each case difficulties arose and she left to live with a third party, a woman who appears interested in remaining as her foster mother. In the meantime she had become pregnant and now has an infant of her own.

While the appellant is not seeking the return of this minor to his

home he contests the award of $15 as child support on the ground that, "by abandoning her father's home and supporting herself and her illegitimate child for over a year [she has] emancipated herself." As for the charge of abandonment, the juvenile court judge's finding to the contrary is supported by adequate evidence. Regardless of what may have been held by other states, in Georgia emancipation must be shown by one of the grounds set out in Code § 74-108, the ground urged here being the consent of the father to the child's receiving the proceeds of her own labor. There is no evidence to the effect that this minor is working and thus supporting herself. The money which she receives as beneficiary of her mother of social security payments is not from the proceeds of her own labor. Subsequent manumission does not follow from the fact that a minor has lived away from home with a sister for several months, earning her own living during that time. *Hunt v. State,* 8 Ga. App. 374 (69 SE 42) (1910). Until majority or until emancipation has been established, it is the parent's obligation to provide for the maintenance, protection and education of the child, unless changed by court order. Code § 74-105.

The evidence here does not demand a finding either that the child is not deprived or that she is emancipated.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 8, 1980 — DECIDED JUNE 18, 1980.

*Nancy Foster,* for appellant.

*Vivian Davidson Egan,* Assistant Attorney General, *Charles G. Hodges,* for appellee.