## 36372. SKINNER et al. v. DeKALB FEDERAL SAVINGS & LOAN ASSOCIATION et al.

CLARKE, Justice.

This concerns the use of certain time deposits held in the name of a trust as collateral for a personal loan to the trustee. The trustee was the mother of five minor children who were the beneficiaries. A home was conveyed to the mother as trustee for the children in the course of a divorce proceeding. In 1973 she sought to sell the home, and her former husband threatened to obstruct the sale if she received the proceeds for herself. A consent order was entered by the Superior Court of DeKalb County, requiring that the mother receive the proceeds as trustee for the five minor children, that she obtain a court order before invading the trust for any purpose, and that the father be given notice of any petition to invade the trust.

On June 4, 1973, the mother invested the sale proceeds at Georgia Federal Savings and Loan Association and DeKalb Federal Savings and Loan Association with evidences of deposit being issued to her as trustee for the children. In September 1973, she secured loans from each of these institutions pledging these accounts as

collateral. The loan documents, including the promissory notes and security instruments, were signed by the mother as an individual and not as trustee.

In June 1979, the mother asked the father for assistance with the children. He filed a complaint in Cobb County, Georgia, the residence of the mother, seeking custody and praying for an accounting of the trust funds. William Skinner and Jeffrey Cohen were appointed guardians ad litem for the children and co-trustees to succeed the mother.

Skinner and Cohen, in July 1979, brought a complaint in DeKalb Superior Court against DeKalb Federal and Georgia Federal alleging they had knowledge of the interest of the children in the trust accounts and knowledge of a breach of trust by the mother. Plaintiffs without notice also obtained a temporary restraining order to prevent the defendant savings and loan associations from looking to the deposits to satisfy the loans. Plaintiffs prayed that they have a permanent injunction and an accounting of the trust assets, that the accounts be impressed with a constructive or resulting trust, and that plaintiffs have judgment against the banks in the amount of the assets deposited plus accrued interest.

Defendants brought a motion to dismiss the equitable portion of the complaint, to dissolve the TRO, and to dismiss the entire complaint on the ground that the applicable statute of limitation had run. The court, considering matters outside of the pleadings, treated the matter as a motion for summary judgment. The court granted defendants summary judgment, holding that the applicable statute of limitation had run. The court found, further, that the temporary restraining order was void because of plaintiffs' failure to comply with the notice provisions of the Civil Practice Act in obtaining it and because plaintiffs had an adequate remedy at law.

Plaintiffs enumerate only one error: that the court erred in granting judgment for defendants on the basis that the statute of limitation had run. There is no argument that the applicable statute of limitation is four years under Code Ann. § 3-1003 and that unless it were tolled for some reason, it has run. Plaintiffs argue that the statute was tolled by the status of the beneficiaries of the trust as minors and that the statute did not begin to run on their cause of action until they reached majority. The difficulty with this argument lies with the fact that if plaintiffs are suing as successor trustees, they are barred if the original trustee is barred. Code Ann. § 108-315. If, on the other hand, they are suing as guardians ad litem of the children, they are barred if the beneficiaries would be barred.

The general rule is that when the trustee is barred by the statute of limitation from pursuing a claim, the beneficiaries of a trust are

barred also. Code Ann. § 3-710. This is so even if the beneficiaries are minors or are under some other disability. *Monroe v. Simmons,* 86 Ga. 344 (12 SE 643) (1890); *Grimsby v. Hudnell,* 76 Ga. 378 (1886); IV Scott on Trusts, § 327.1 (3d Ed. 1967). This is true because legal title is in the trustee, and the cause of action is his. *Monroe v. Simmons,* supra; *Grimsby v. Hudnell,* supra. Since the minor children here have no interest in the trust assets apart from their interest as beneficiaries, any cause of action they have must be pursued by the trustee. The fact that plaintiffs purport to act for the children as guardians ad litem is, therefore, irrelevant.

The rule is otherwise where the third party against whom the trust has a claim knowingly participated with the trustee in the breach of the trust. "Where the trustee transfers trust property in breach of trust to a third person who has actual knowledge of the breach of trust, it is clear that the beneficiaries will not be barred by the lapse of time merely because the trustee is barred." IV Scott on Trusts, § 327.2 (3d Ed. 1967). See also Restatement, Second, Trusts, § 327 (1959). Cf. *Knorr v. Raymond,* 73 Ga. 749 (1884); *Brady v. Walters,* 55 Ga. 25 (1875). This is the situation alleged here. In light of plaintiffs' allegations that defendants knowingly and wrongfully participated in the encumbering of trust assets by the trustee and the failure of the defendants to pierce the pleadings, the trial court erred in finding by summary judgment that the action was barred by the statute of limitation.

*Judgment reversed. All the Justices concur.*

Submitted June 20, 1980 — Decided October 7, 1980 — Rehearings denied October 22, 1980.

*William L. Skinner, Jeffrey J. Cohen,* for appellants.
*Anthony C. Smith, Steven F. Unti,* for appellees.