60825. COLLINS v. MARTIN et al.
60826. MARTIN v. COLLINS.

QUILLIAN, Chief Judge.

This is an action for breach of and interference with an attorney's contract of employment.

On January 12, 1977 Mrs. Manya Martin was driving her husband's automobile and was seriously injured and hospitalized when a truck collided with the automobile. Robert Martin, the husband, having had attorney O. L. Collins recommended to him by

another, called Collins the same evening, told him about the accident and asked him to look into some specific matters for him. Collins said that he would, with fee to be discussed later, and would get back to Martin. In the following days Collins identified the apparent tortfeasors and negotiated an offer of settlement on Martin's damaged vehicle. On January 17, 1977, Martin contacted attorney Childs of the firm of Allgood and Childs about the accident, stating that he had talked to Collins but had not employed Collins. On January 18 both of the Martins signed a contingent fee contract with Allgood and Childs to represent them. On the afternoon of January 19 Martin left a message at Collins' office that he had hired other attorneys and to not proceed any further. On the same day Childs filed suit on behalf of Martin against the alleged tortfeasors and on January 20 on behalf of Mrs. Martin. Thereafter Collins commenced this action for damages against both Martins for breach of contract and against Allgood and Childs for interference with his alleged contract with the Martins. Upon trial the jury found in favor of Mrs. Martin and Allgood and Childs and against Mr. Martin in favor of Collins in the amount of $800. Collins appeals and Martin cross appeals. *Held:*

1. Appellant Collins' first and second enumerations of error are without merit and were specifically abandoned in his brief.

2. Collins' Enumerations 3, 4 and 5 contend the trial court erred in failing to give his requested charges concerning Martin's authority or agency to hire Collins as an attorney for his wife based on the circumstantial evidence of the Martins' relationship, their habitual business practices, and Mrs. Martin's situation of being in the hospital at the time.

Code Ann. § 4-101 provides: "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him. . . ."

" 'A claim of agency may be proved, as any other fact, by circumstantial evidence . . . The fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties.' " *Greenbaum v. Brooks,* 110 Ga. App. 661 (2), 664 (139 SE2d 432).

Martin testified that he did not hire Collins at all, much less to represent his wife, when he talked with Collins on the telephone shortly after the accident. Collins never talked with Mrs. Martin or saw either of the Martins personally. Mrs. Martin testified that she did not give her husband authority to hire an attorney for her. Collins' testimony was that through the telephone conversation with Martin he was hired as attorney for both of the Martins.

Other than the marital relationship and Mrs. Martin's hospitalization, there is no circumstantial evidence from which an

agency may be inferred or implied to authorize Martin to hire an attorney for his wife. We find the evidence insufficient to authorize the requested charges.

3. The trial court charged: "As regards Mrs. Martin, any suit for her arising out of this accident would have to be brought in her own name and unless Mrs. Martin had given her husband authority to retain an attorney for her, any such attempt by him would be void as to her." In Enumerations 6 and 7 Collins claims that this charge was erroneous and the substance of Code Ann. §§ 105-107 and 53-511 should have been charged as they allow the husband to sue for a tort to the wife.

The trial court did not err as the case law is contrary to appellant's contention.

"If a tort shall be committed upon the person or reputation of the wife, the husband or wife may recover therefor. . ." Code Ann. § 53-511.

" 'Every person may recover for the torts committed to himself, his wife, his child, his ward, or his servant.' Code § 105-107. The above section of the Code is a declaration of the common law. [Cits.] Prior to the Code of 1895, the section which is now § 53-511 was a statement of the common law rule that only the husband could sue for a tort to the wife. In *City of Atlanta v. Dorsey,* 73 Ga. 479, it was held that under the Married Woman's Act (Code § 53-502) the wife could recover for a tort committed upon her person or reputation. The codifiers of the Code of 1895 included the wife in the section of the Code, now § 53-511, in conformity with the rule stated in City of *Atlanta v. Dorsey,* supra.

"In determining the relative rights of a husband and wife under the Code, §§ 105-107, 53-511, and 53-502, it has been held that the wife might sue and be sued in all matters relating to her sole and separate property, or for any injury to her person or reputation. [Cit.]." *Martin v. Gurley,* 201 Ga. 493, 494 (39 SE2d 878).

"The husband being presumed to be head of the house and responsible for his wife's necessary expenses, and being also entitled to the services, society and consortium of his wife, these are the only proper elements of damage for which this plaintiff may sue in his capacity as husband. Code §§ 105-108, 53-511; Am. Jur., Husband and Wife, §§ 503, 504. Her own physical injuries and attendant pain, suffering and nervous impairment are no part of his cause of action . . ." *Community Gas Co. v. Williams,* 87 Ga. App. 68 (6), 83 (73 SE2d 119).

"A husband cannot recover damages for the pain and suffering of his wife. That action is in the wife." *Savannah &c. R. Co. v. Newsome,* 90 Ga. App. 390 (2), 395 (83 SE2d 80).

4. Enumeration 8 complains that after the trial court charged that any attempt by Martin to hire an attorney for Mrs. Martin without her consent would be void, the charges following concerning any contract between Collins and the Martins referred only to Martin specifically and not at all to Mrs. Martin, which constituted an expression of opinion by the court as to whom Collins had a contract with.

In our examination of the charge as a whole we do not find that this constituted such an expression of opinion as the charge generally and clearly refers to a contract between Collins and both of the Martins.

Moreover, no objection was made to the charge on this ground in the trial court, a prerequisite to preserve any such error for appeal. Code Ann. § 70-207(a); *Sturdivant v. Polk,* 140 Ga. App. 152, 156 (230 SE2d 115).

5. Appellant Collins' final enumeration is without merit.

6. Cross appellant Martin's only enumeration is that his motions for a directed verdict and for judgment notwithstanding the verdict were erroneously denied because the evidence was insufficient to support the verdict.

"Following a verdict which has the approval of the trial court, the evidence must be construed by an appellate court in the light most favorable to the prevailing party with every presumption and inference being in favor of upholding the verdict. [Cit.] And if there is any evidence to sustain the verdict of a jury, this court will not disturb it. [Cit.]

"Direction of a verdict is proper only when there is no conflict in the evidence as to any material issue and when the evidence introduced, with all reasonable deductions, demands the verdict. [Cit.]. . .

". . . [W]here the verdict was authorized by the evidence, overruling a motion for judgment notwithstanding verdict was not error. [Cit.]" *United Ins. Co. v. Moore,* 147 Ga. App. 815, 816 (250 SE2d 810).

There was a conflict in the evidence on whether there was a contract between Collins and Martin, and Collins produced evidence of work he had done for Martin and the usual and customary fees therefor. We find the verdict was authorized by the evidence. The trial court did not err in denying the motions.

*Judgments affirmed. Shulman, P. J. and Carley, J., concur.*

DECIDED JANUARY 8, 1981.

*O. L. Collins,* for appellant.
*David E. Hudson,* for appellees.