74180. ROSE v. HAMILTON MEDICAL CENTER, INC. et al.
(361 SE2d 1)

McMURRAY, Presiding Judge.

A minor child, by his mother and next friend, brought suit against a hospital and three physicians, seeking damages for alleged malpractice in the prenatal care, delivery and postnatal care of the child, as well as a claim for past and future medical expenses attributable to the child's alleged brain damage. The defendant physicians and the defendant hospital separately moved for partial summary judgment as to the plaintiff's claim for medical expenses. The superior court granted the motions for partial summary judgment holding that a cause of action for medical expenses incurred by a child rests in the parent so that unless the action for medical expenses is brought within two years (following the date on which the negligent or wrongful act occurred), it is barred by the statute of limitation under OCGA § 9-3-71. Plaintiff appeals the grant of partial summary judgment in favor of the defendant physicians and defendant hospital. *Held*:

It is undisputed that in the case sub judice, no action to recover medical expenses was brought within two years of the date on which

the negligent or wrongful act or omission occurred as provided by OCGA § 9-3-71. Plaintiff argues that although the parents may be barred, the bringing of this action for recovery of medical expenses by the child is proper because the provisions of OCGA § 9-3-90 toll the statute of limitation with regard to the child, allowing him to bring the claim for medical expenses in his own name, by next friend, at any time up to two years after the removal of his disability.

OCGA § 51-1-9 provides that "[e]very person may recover for torts committed to himself, his wife, his child, his ward, or his servant." This enactment is a declaration of the common law. *Collins v. Martin*, 157 Ga. App. 45, 47 (276 SE2d 102) (1981). "The right to recover damages for loss of services and medical expenses from a tortious injury to a minor is in the father. [Cit.]" *City of Dalton v. Webb*, 131 Ga. App. 599 (206 SE2d 639) (1974). This is because "[t]he father of a minor is bound by law to provide necessary medical care to his minor child. [OCGA § 19-7-2] . . . The father alone has the right to sue to recover medical expenses necessitated by a tortious injury to the child. This the law accords to him since the law makes it his legal duty and obligation to provide his minor children with necessaries — of these medical care is one." Id. at 600. Since the language of OCGA § 19-7-2 has been amended to reflect that it is the joint and several duty of each parent to support his or her minor children, it follows that the action to recover medical expenses of a minor is now vested exclusively in both parents.

Contrary to plaintiff's assertions, the instances in which the courts have on occasion allowed minors to sue for medical expenses do not amount to a disavowal of this rule or a declaration that filing such a suit is an action which, in and of itself, can bootstrap the minor into "emancipation," thus validating the suit. See *Shinall v. Henderson*, 123 Ga. App. 169 (1) (179 SE2d 677) (1971); *Brown v. Seaboard Air Line R. Co.*, 91 Ga. App. 35 (84 SE2d 707) (1954); and *Coleman v. Dublin Coca-Cola &c. Co.*, 47 Ga. App. 369, 372 (3) (a) (170 SE 549) (1933). Under Georgia law, emancipation can only arise under the terms of OCGA § 19-7-1. See *Hicks v. Fulton County DFACS*, 155 Ga. App. 1, 2 (270 SE2d 254) (1980). Since none of the conditions precedent to emancipation in OCGA § 19-7-1 (b) has been met in the case sub judice, nor can it reasonably be claimed that under the particular allegations of the case sub judice the plaintiff minor can ever be acknowledged as emancipated by his parents, the act of filing a suit to recover medical expenses cannot be said to have emancipated the plaintiff minor child in the case sub judice. Nor could the parents have "transferred" their right to recover medical expenses to the child by the act of allowing him to bring the action, as it is uncontroverted that the parents' right to recover medical expenses on his behalf had been extinguished by operation of law when

they failed to exercise that right within the two-year statutory period. As they no longer had such a right, they had, in effect, nothing to transfer. See generally *Skinner v. DeKalb Fed. Savings &c. Assn.*, 246 Ga. 561, 562, 563 (272 SE2d 260) (1980).

Thus, the child had no right to bring an action for his medical expenses incurred or to be incurred while he is a minor. Upon the child reaching the age of majority, presently 18, OCGA § 19-7-2 will no longer be applicable. Thus, insofar as we are addressing the child's claim for medical expenses prior to age 18, it follows that even though OCGA § 9-3-73 permits tolling the statute of limitation for disabilities in medical malpractice actions, plaintiff here cannot assert the tolling provisions of OCGA § 9-3-90 inasmuch as " '(w)here minors are seeking to toll the statute of limitations, their interest must be such as will enable them to maintain an action in their own name. [Cits.]' [Cit.]" *DeLoach v. Emergency Med. Group*, 155 Ga. App. 866, 867 (2) (274 SE2d 38) (1980). However, as plaintiff may maintain an action in his own name for medical expenses incurred after reaching the age of majority, the tolling provisions of OCGA § 9-3-90 are applicable to this portion of plaintiff's claim. See *Roth v. Law*, 579 SW2d 949 (11, 12); and *Olivieri v. Adams*, 280 FSupp. 428 (1). Accordingly, we find the superior court erred in granting partial summary judgment in favor of the defendant physicians and defendant hospital against plaintiff insofar as it bars plaintiff's claim for future medical expenses after the age of majority.

*Judgment reversed. Beasley, J., concurs specially. Sognier, J., concurs in the judgment only.*

BEASLEY, Judge, concurring specially.

It is true that the medical and other expenses incurred by the parent are barred in this suit. The child cannot recover them because they are not damages to the child but losses sustained by the parent, who is legally obligated to maintain the child until majority or other loss of parental power. OCGA §§ 19-7-2; 19-7-1. The parent, who is not a plaintiff anyway, cannot recover them because, being her cause of action, she has lost it by not exerting her right within the two-year statute of limitation applicable to her claim for damages resulting to her. OCGA § 9-3-71.

This dichotomy, of course, creates two causes of action, one being that of the child who suffered the injury and one being that of the parent who sustained attendant expenses. But as discussed, *all* of the medical expenses sought will not be recoverable by the parent because she will not be obligated for those incurred after the child reaches majority. *Pruitt v. Pierce*, 100 Ga. App. 808, 809 (3) (112 SE2d 327) (1959). That stands to reason, because the elements of any negligence action are four: duty, breach, causation, and damages.

*Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). And where one does not have compensable damages, the fourth element is missing, injuria absque damno. 1 AmJur2d 597, Actions, § 69, and cases cited.

It is perhaps unfortunate that the difference in the rights of each, and the statute's tolling only as to the child's rights, creates potentially two lawsuits. The parents must bring theirs "within two years after the date on which the negligent or wrongful act or omission occurred." OCGA § 9-3-71. The child need not then join in but may wait and file years later, within two years after he reaches majority. OCGA § 9-3-90 (a). Or he may, as he has done here, file before majority for the medical and other expenses which will be incurred after majority. The major question consuming time and money in each suit will be liability, a question that is identical in both suits. But the legislature has not seen fit to consolidate the actions and avoid not only the duplication of the resources of litigants and courts alike but also the possibility of inconsistent verdicts. Compare New Jersey Statutes Annotated §§ 2A:14-2.1; 59:8-8.

DECIDED JULY 31, 1987 —
REHEARING DENIED SEPTEMBER 11, 1987 — 

*Charles B. Tanksley, Kenneth M. Henson, Jr.*, for appellant.
*George W. Hart, John T. Minor III*, for appellees.
*Don C. Keenan, David S. Bills*, amici curiae.