19887. BLUE RIDGE PARK NURSERIES *v.* OWEN.

STEPHENS, J.   1. Where a defendant pleads, in bar of the plaintiff's suit, an alleged agreement with the plaintiff in settlement of the claim sued on, an amendment to the petition, in the nature of a replication to the defendant's plea, wherein the alleged settlement is attacked as invalid upon various grounds alleged, is properly allowed. The amendment is not subject to the objection that it sets out a new and distinct cause of action, or that it seeks to amend a petition in a suit at law by setting up matters for equitable relief, or that it seeks to establish matters in parol in contradiction of a written contract.

2. The right of action which vests, under section 4424 of the Civil Code of 1910, in a mother for the recovery of a monetary compensation for the homicide of her minor child upon whom she is dependent or who contributes to her support, is a property right. See, in this connection, *Frazier* v. *Ga. R. etc. Co.*, 101 *Ga.* 70 (28 S. E. 684) ; *Bainbridge Power Co.* v. *Ivey*, 38 *Ga. App.* 586 (10) (144 S. E. 825). Where the mother is a married woman, she can not make a valid agreement relinquishing this right in consideration of the payment of her husband's debt. Civil Code (1910), § 3007.

3. Although the consideration for the sale or transfer by a married woman of her property be only partly invalid as being in payment of her husband's debts, the entire transaction is nevertheless void unless the contract is severable and that portion of the property which was sold for a valid consideration can be separated from the rest. *Campbell* v. *Trunnell*, 67 *Ga.* 518. Where property conveyed by a married woman, in consideration of the payment of her husband's debts, is a right of action vested in her arising out of a tortious homicide of her minor child upon whom she was dependent, or who contributed to her support, this property right, from its nature, can not be severed, and where only a part of the consideration for its transfer by her is the payment of her husband's debts, the entire transaction is necessarily void.

4. A father is under a duty to furnish necessaries for his minor child; and where necessaries are furnished to the child under no special con-

tract with another to pay therefor, the father is liable. Necessary hospital and medical services furnished to an injured child and ordinary funeral expenses of the child are necessaries for which the child's father is liable, in the absence of any special contract by which they are furnished on the account of another.

5. Where a child, injured by an automobile in a public street, is taken to a hospital by a person passing the scene of the accident, and receives necessary hospital and medical services demanded by his injuries, a statement made to the father and to the mother of the child, by the person whose automobile injured the child, that he will pay for these services to the child, is not evidence which would authorize the inference that he had contracted for such services and had made himself liable to those furnishing them, and that the obligation to pay therefor was his and not the father's.

6. In a suit by the mother to recover for the homicide of her minor child, where the defendant pleads in bar a written agreement by which the plaintiff, in consideration of a sum of money which, it is recited, was paid to her by the defendant, released the defendant from all liability to her arising by virtue of the child's homicide, and where the plaintiff attacks the validity of the agreement, upon the ground that it is void by reason of its being a transfer by her of a property right in payment of her husband's debts, and where it appears from uncontradicted evidence that all of the consideration, viz. the $254.11, for which the plaintiff released and relinquished to the defendant her right of action for her child's homicide, with the exception of $20 paid to the husband, was paid by the defendant in extinguishment of the hospital and medical services and funeral expenses rendered to the child, and where it nowhere appears, from the evidence, that either the hospital services, the medical services, or the funeral services were furnished under a contract with one who was not the father, the evidence demands the inference, as a matter of law, that part of the consideration for the plaintiff's release of the defendant from liability for the homicide of her child was the payment by the defendant of debts of the plaintiff's husband. This property right in the plaintiff to recover for the homicide of the child, not being severable, the contract by which the plaintiff relinquished it unto the defendant was void and unenforceable.

7. A charge to the jury, that "the acts of negligence" which the plaintiff alleges in the petition, are stated in a certain paragraph of the petition, is not subject to the objection that the court, in using the expression "the acts of negligence," expressed the opinion that the acts alleged in the petition as negligence were in fact negligent, where the court elsewhere in the charge clearly instructed the jury that whether the defendant was negligent as set out in the petition was a matter for their determination.

8. In the absence of a request to give in charge the law with reference to a diminution in the amount of damages by reason of the negligence attributable to the plaintiff, a failure so to charge was not error.

9. The evidence presented an issue as to whether the defendant was negligent as alleged in the petition, and the excerpt from the charge which gave a definition of negligence was not error as being unauthorized by the evidence.

10. It appearing, from uncontradicted evidence, that the release pleaded by the defendant was void and unenforceable, and there being evidence from which the jury could infer that the homicide of the plaintiff's minor child was proximately caused by the defendant's negligence, to the plaintiff's damage in the amount of $8000 found in the verdict for the plaintiff, the verdict found for the plaintiff was authorized.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 12, 1930. REHEARING DENIED MARCH 1, 1930.

Ralph G. Sims, B. Frank Whelchel, William P. Whelchel, B. P. Gaillard Jr., for plaintiff in error.

Wheeler & Kenyon, contra.

ON MOTION FOR REHEARING.

STEPHENS, J. Irrespective of the testimony of the plaintiff with reference to the circumstances under which she executed the contract of release pleaded by the defendant, and irrespective of whether the court erred in admitting this testimony, the evidence, with her testimony excluded, nevertheless demands the inference that the contract pleaded as a release was void, as being a contract executed by the plaintiff in consideration of the payment of her husband's debts. There is no merit whatsoever in the motion for a rehearing upon the ground that the court overlooked the defendant's assignment of error upon the admission of the plaintiff's testimony indicated.

Rehearing denied. Jenkins, P. J., and Bell, J., concur.