37429.   DAWSON *et al. v.* HOSPITAL AUTHORITY
OF AUGUSTA.

DECIDED DECEMBER 5, 1958—REHEARING DENIED
DECEMBER 16, 1958.

*John F. Hardin, Isaac S. Peebles, Jr.,* for plaintiffs in error.
*Fulcher, Fulcher, Hagler & Harper,* contra.

CARLISLE, Judge. ■ The statement of facts and the opinion written by Judge Quillian on the previous appearance of this case in this court (96 *Ga. App.* 705, 101 S. E. 2d 207) set forth the material allegations of the petition and the material provisions of the hospital lien law as codified in Code (Ann.) § 67-2207 et seq. Accordingly, no useful purpose would be served by restating the pleadings or the provisions of this law. It is sufficient to say that under this law any hospital authority or corporation operating the hospital has a lien upon any and all causes of action accruing to the person to whom such care is furnished on account of injuries giving rise to such causes of action, and which necessitated such hospital care, the law providing the manner and method for enforcing such lien. The petition in the instant case shows that the plaintiff is the Hospital Authority of the City of Augusta; that it is operating as the University Hospital, and it shows that Dora Boyd was hospitalized in the hospital as the result of injuries received in an automobile accident; that she filed suit against Henry Dawson and Viola E. Dawson, which suit was subsequently settled by the Dawsons or by their insurance carrier by the payment to Dora Boyd of a sum in excess of the amount of the plaintiff's bill, and that, within ten days from the date of her discharge from the hospital and prior to the date of the alleged settlement of her claim, the hospital had filed its lien on her claim for damages against Viola Dawson. By Section 4 of the Act (Code, Ann., § 67-2210) no release of such cause of action or any covenant not to sue thereon shall be valid or effectual as against such lienholder unless the lienholder shall have joined therein in the execution of such release or covenant not to sue, and the lienholder may enforce the lien by an action against the person, firm or corporation liable for such damages.

There is nothing in this act which limits the right of the hospital to the enforcement of a lien against the claim of one who

would be legally liable to pay the hospital for the charges made, and the fact that the person treated in this case may have been a married woman and therefore not herself legally liable to pay for the necessary expenses of her treatment did not affect the hospital's right to enforce its lien on her claim for damages.

This action is purely statutory and it is only necessary to look to the terms of the statute itself to ascertain whether the petition sets forth a cause of action. It is, therefore, unnecessary when considering the petition on general demurrer that the petition alleged more than the specific elements set forth in the statute, and where the petition shows the treatment by the hospital of an injured person, the accrual of charges pursuant thereto, the filing of the lien by the hospital, the filing of a suit by the injured party, and its subsequent dismissal on the payment of a sum of money by or on behalf of the party alleged to have been liable, and the execution of a release to such party by the injured person, all the elements of the cause of action on behalf of the hospital and against the party alleged to have been liable are stated, and it is unnecessary for the hospital to allege in its petition facts showing negligence or liability to the injured party, independently of the settlement and release. This is especially so in view of the provisions of the act codified as Code (Ann.) § 67-2213, which provides that nothing in the act shall be construed as giving to the hospital an independent right of action to determine liability for injuries sustained by the injured person.

The petition was not subject to general demurrer, and any defects or minor discrepancies between the allegations of the petition and the lien would have to be reached by special demurrer, and, since there is no exception before this court as to the ruling on any of the special demurrers, these matters are not for our consideration.

■ The evidence introduced by the plaintiff proved the petition as laid. There was no issue of fact raised by the evidence. Whether or not the lien affidavit had been properly executed went only to the question of its admissibility (*Williams* v. *State*, 7 *Ga. App.* 33 (1), 65 S. E. 1097), and the affidavit having been admitted without any objection on the part of the defendant, and

it being complete and regular on its face, it was sufficient to prove the existence of the lien sought to be enforced, and, in the absence of a proper and timely objection to its admissibility, no question is presented as to its probative value.

The trial court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*