A92A0925. JARRELL v. STATE MERIT SYSTEM OF PERSONNEL ADMINISTRATION OF GEORGIA.
(423 SE2d 1)

McMurray, Presiding Judge.

Plaintiff Darlene Jarrell, an Appling County teacher, is a member of the State Health Benefit Plan ("the Plan"), a self-insured plan of health care benefits operated for the benefit of certain governmental

employees in the State of Georgia. The Plan is managed by defendant the State Merit System of Personnel Administration of the State of Georgia. Plaintiff's membership in the plan included coverage for her stepdaughter, Stephanie Jarrell.

On June 10, 1989, Stephanie Jarrell, a minor, was injured in an automobile accident. She incurred medical and hospital expenses of $58,940.27. Personal injury protection benefits of $5,000 were paid for her medical bills and defendant has paid $15,341.52 of these medical expenses. Jerry Jarrell (Stephanie's father and plaintiff's husband), both individually and as guardian of Stephanie Jarrell's person and property, entered into a settlement agreement with third-party insurers in compromise of his and his daughter's claims arising from the motor vehicle collision.

Defendant has refused to make any further payment on Stephanie Jarrell's medical bills. This refusal is predicated on the funds paid under the settlement agreement and subrogation provisions of the Plan designed to prevent the Plan duplicating any medical expense benefits that are paid by a third party for the treatment of accidental injury.

Defendant admits that if Stephanie Jarrell had not received third-party benefits for her damages from the accident then it would have paid her remaining medical bills, subject to medical necessity, applicable deductibles and co-payment, and the Plan's usual-customary-reasonable test. It is stipulated that if defendant is liable for Stephanie Jarrell's remaining medical bills that the total amount defendant would owe to plaintiff is $37,328.25. Plaintiff contends that the subrogation provision of the Plan is inapplicable to the circumstances in this case and appeals the denial of her motion for summary judgment and the grant of summary judgment in favor of defendant. *Held*:

The total amount of third-party insurance available from the motor vehicle collision was $125,000. Another person injured in the collision was paid $9,750. Jerry Jarrell was paid $1,000 for the release of his claims arising from the collision. Pursuant to a separate release, the remaining $115,250 (which was reduced by attorney fees to $76,833.33) was paid to Jerry Jarrell, in his capacity as guardian of Stephanie Jarrell, in exchange for a release of claims for damages to her.

Stephanie Jarrell was a minor at the time of the motor vehicle collision which caused her injuries. Therefore, the right to recover damages for her medical expenses was vested exclusively in her parents. *Rose v. Hamilton Med. Center*, 184 Ga. App. 182, 183 (361 SE2d 1). Since Stephanie Jarrell, as a minor, had no right to recover for her medical expenses, no claims for medical expenses were compromised by the release executed on her behalf by Jerry Jarrell, in his capacity

as guardian. Nor were the funds received by Jerry Jarrell in his fiduciary capacity a payment of medical expenses since these funds were received in compromise of claims for the damages sustained by Stephanie Jarrell rather than by her parents.

Defendant relies upon representations, contained in the petition to compromise a doubtful claim of a minor submitted to the probate court, that the funds received in settlement of Stephanie Jarrell's claims would be applied to her medical bills. However, any such use of the funds received by Jerry Jarrell in a fiduciary capacity can only be viewed as a loan from Stephanie Jarrell's estate to her parents since it is the parents who are responsible for the medical expenses. OCGA § 19-7-2; *Evans v. Caldwell*, 52 Ga. App. 475, 486 (4c) (184 SE 440); *Rose v. Hamilton Med. Center*, 184 Ga. App. 182, 183, supra.

The "plain language" explanation of the subrogation provision at issue states: "The Health Plan will no longer pay benefits which have the effect of duplicating benefits paid to a *member* from a third-party source — personal injury coverage, for example, or a policy of liability insurance. . . ." (Emphasis supplied.) Under the definition stated in the Plan booklet the term "member" is limited to "an eligible employee or teacher who has joined the [Plan] and is paying the proper premiums for coverage." While some or all of the $1,000 payment received by Jerry Jarrell may have been in exchange for a release of his claim for medical expenses, there is no suggestion in the record that Jerry Jarrell is a member of the Plan. Nor is Stephanie Jarrell a member of the Plan. She, as an enrolled eligible dependent of a member, "is called a 'covered dependent' or 'enrolled dependent' " in the Plan documents. There is no suggestion that any third-party benefits were paid to plaintiff, the only member of the Plan in the Jarrell household. Thus, the language upon which defendant relies is inapplicable to the facts of this case.

It follows that the superior court erred in granting defendant's motion for summary judgment and in denying plaintiff's motion for summary judgment. Upon remand, the superior court is directed to enter a judgment in favor of plaintiff in the principal amount of $37,328.25.

*Judgment reversed with direction. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*Wilkes, Johnson & Smith, Kris Knox*, for appellant.

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Jeffrey L. Milsteen, Senior Assistant Attorneys General, Elaine S. Newell,*

*Staff Attorney*, for appellee.