A97A1240. SOUTHERN GUARANTY INSURANCE COMPANY v. SINCLAIR et al.
(491 SE2d 843)

RUFFIN, Judge.

On December 31, 1993, Havard Sinclair and Kevin Riggins suffered personal injuries in an automobile collision with Sheniqua Dur-

ham. Sinclair and Riggins were minors at the time of the collision, and the car in which they were riding was owned by Sinclair's mother, Irene Sinclair. Irene Sinclair insured the car under a policy issued by Southern Guaranty Insurance Company ("Southern"). Southern paid $1,405 in medical payments coverage under the policy for Havard Sinclair's medical treatment and $1,440 for Riggins' medical care. Havard Sinclair and Riggins subsequently settled their personal injury claims against Durham for $4,750 and $3,750, respectively. Southern filed this action against Sinclair and Riggins for reimbursement of the medical care expenses it paid under the medical payments provision of the policy. The parties filed cross-motions for summary judgment, and Southern appeals the trial court's denial of its motion and grant of the defendants' motion. For reasons which follow, we affirm.

The reimbursement clause in Irene Sinclair's insurance policy with Southern provides that upon Southern's disbursement of medical coverage payments under the policy, the insurance company "shall be entitled, to the extent of such payment, to the proceeds of any settlement or judgment that may result from the exercise of *any rights of recovery which the injured person* or anyone receiving such payment may have against any person or organization. . . ." (Emphasis supplied.) Southern asserts that this provision entitles it to reimbursement of the payments it made for Sinclair's and Riggins' medical treatment, and the trial court therefore erred in denying its motion and granting the defendants' motion. In deciding these issues we must review the evidence cited by the parties and determine whether genuine issues of material fact remain to be tried or whether Southern or the defendants are entitled to judgment as a matter of law. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Sinclair and Riggins contend that Southern is not entitled to reimbursement for medical expense payments because their settlement with Durham did not include compensation for medical expenses. Specifically, the defendants argue that because they were minors when they were treated for their accident injuries, they were not liable for payment of the medical expenses and therefore had no right to personally recover such damages from Durham. We agree.

Under OCGA § 19-7-2, parents are responsible for medical expenses incurred in the treatment of their minor children. See *Jarrell v. State Merit System &c.*, 205 Ga. App. 527, 529 (423 SE2d 1) (1992). See also *Rose v. Hamilton Med. Center*, 184 Ga. App. 182, 183 (361 SE2d 1) (1987) (physical precedent only). Because parents have this responsibility, the right to recover damages for medical expenses incurred in such treatment is vested exclusively in a minor child's parents. *Jarrell*, supra at 528; *Rose*, supra. Accordingly, in *Jarrell*,

where a father reached a settlement with third parties compromising his minor daughter's claims for personal injuries, such settlement was held not to include claims for medical expenses. See *Jarrell*, supra at 528-529.

Again, in this case it is uncontroverted that both defendants were minors at the time they received the medical treatment for which Southern claims reimbursement. Accordingly, as stated in *Jarrell* and *Rose*, neither defendant was liable for payment of his medical expenses, nor did the defendants have a right of recovery against Durham for the expenses. See *Jarrell*, supra; *Rose*, supra. Although Southern cites several factual distinctions between this case and *Jarrell* and *Rose*, the relevance of these distinctions is unclear, and after careful consideration, we find the asserted differences immaterial. The fact remains that Southern's claim for reimbursement of medical expenses under the policy is predicated on the defendants having a right of action against Durham for the expenses. Because it is clear that no such right of action exists, Southern is not entitled to reimbursement, and the trial court did not err in denying Southern's motion for summary judgment and granting summary judgment to Sinclair and Riggins.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 4, 1997.

*Michael L. Wetzel*, for appellant.
*McKenney, Jordan & Carey, G. McGregor Jordan, Jr.*, for appellees.

