994 P.2d 830 (2000)
140 Wash.2d 104
UNITED STATES of America, Plaintiff,
v.
DEACONESS MEDICAL CENTER EMPIRE HEALTH SERVICE, and Farmer's Insurance Company of Washington, Defendants.
No. 68503-7.
Supreme Court of Washington, En Banc.
Considered February 10, 2000.
Decided March 2, 2000.
As Amended March 23, 2000.
Theodore Schott, Spokane, for Defendants.
William Beatty, James Connelly, Spokane, George Tady, Seattle, for Plaintiff.
GUY, C.J.
This case involves a question certified by the United States District Court for the Eastern District of Washington pursuant to the Federal Court Local Law Certificate Procedure Act, RCW 2.60. The plaintiff United States of America (United States) wants to enforce a hospital lien against the defendants Deaconess Medical Center, Empire Health Services, and Farmer's Insurance Company of Washington (Deaconess). The District Court asks this court to determine whether the defendants are responsible for a hospital lien under chapter 60.44 RCW by answering the following question:
Whether, pursuant to R.C.W. § 60.44.010, a party who is subsequently adjudged not *831 to be a tortfeasor, is nevertheless responsible, along with the insurer, for the payment and discharge of a lien pursuant to R.C.W. § 60.44.050, when it had reached a prior settlement with another party involving the same facts as the litigated matter.
Am. Order Certifying Issue to the Washington Supreme Ct. at 1.
The certified question cannot be answered "yes" or "no" as a matter of law. We hold that a party referred to in the question may be held responsible if the court hearing the suit to enforce the lien decides that the party is a tortfeasor. RCW 60.44.060 directs that the court determine responsibility based upon the court's finding of the negligence and liability of the party. The existence of a prior settlement constitutes prima facie evidence of the negligence of a party, but such evidence may be rebutted. On the other hand, although nothing in chapter 60.44 RCW indicates that a judgment in another court that the party was not negligent automatically determines the outcome of the lien action, Washington case law on the doctrine of collateral estoppel may be applicable. Therefore, it is up to the trier of fact in the lien action to determine first, whether collateral estoppel applies and then, if not, whether the defendants are negligent.

FACTS
This is an action brought by the United States on behalf of Spokane Veterans Administration Medical Center to enforce a hospital lien arising out of medical care given to veteran Darwin B. Adams from 1985 through 1989. Joint Statement of Facts and Issue for Certification at 1-2. The incident which gave rise to Adams' hospitalization was the subject of litigation brought by Adams and his children against Deaconess. Id. at 2. Deaconess ended up settling with Adams and all of his children except one; the settlement was for $75,000. Id. The suit maintained by the remaining child went forward and resulted, on June 19, 1998, in a jury verdict finding Deaconess not negligent and awarding no damages. Id. All of the claims brought by the Adams family against Deaconess arose out of the same facts. Id.
The United States, pursuant to RCW 60.44.060, seeks to enforce its lien, totaling $18,750, against the proceeds from the settlement. Id. The defendants Deaconess object to the recovery effort because they claim the statute is inapplicable where the defendant has been adjudged not to be a tortfeasor. Id.
On September 14, 1999, Judge Edward F. Shea of the United States District Court for the Eastern District of Washington ordered the issue certified to this court for decision. Am. Order Certifying Issue to the Washington Supreme Ct. at 1-2. The certified record was filed in this court on September 16, 1999.

ISSUE
Whether, pursuant to RCW 60.44.010, a party who is subsequently adjudged not to be a tortfeasor is nevertheless responsible, along with the insurer, for the payment and discharge of a lien pursuant to RCW 60.44.050, when it had reached a prior settlement with another party involving the same facts as the litigated matter.

DISCUSSION
The defendants Deaconess argue that because they have been found not negligent in a case arising out of the same facts as the lien, they are not a "tortfeasor" within the meaning of chapter 60.44 RCW, and a lien cannot be asserted against them. To the United States, defendants are tortfeasors because they did settle claims with parties prior to the judgment, and the statute allows the holder of the lien to claim 25 percent of the settlement amount. RCW 60.44.010.
The first question is whether "tortfeasor" in the hospital lien statute refers to a "tortfeasor" or an "alleged or potential tortfeasor." The defendants claim that this court should apply the dictionary definition of "tortfeasor." They cite the definition from Black's Law Dictionary: "a wrongdoer; one who commits or is guilty of a tort." Defs.' Br. at 8. Since they have not been found guilty of a tort, they are not tortfeasors. The United States reads the statute as applying both to those who are found negligent and those who settle. RCW 60.44.010 *832 authorizes hospital liens, provided that the "liens for service rendered to any one person as a result of any one accident or event shall not exceed twenty-five percent of the amount of an award, verdict, report, decision, decree, judgment, or settlement." (Emphasis added.) Because the statute allows hospital liens to attach to settlements as well as judgments, "tortfeasors" are not necessarily those found to have committed a tort in a court of law. Therefore, chapter 60.44 RCW may be applied to Deaconess even though a court has not declared them to be tortfeasors.
Nevertheless, the fact that the hospital lien statute, as a matter of law, may apply to Deaconess does not mean the facts warrant application to them. The fact that the Deaconess defendants may be "tortfeasors" for the purposes of the statute does not end the inquiry. In order for the lien to be enforceable, the claimant must establish the alleged tortfeasor's negligence:
Such lien may be enforced by a suit at law brought by the claimant or his assignee within one year after the filing of such lien against the said tort feasor and/or insurer. In the event that such tort feasor and/or insurer shall have made payment or settlement on account of such injury, the fact of such payment shall only for the purpose of such suit be prima facie evidence of the negligence of the tort feasor and of the liability of the payer to compensate for such negligence.
RCW 60.44.060. The statute implies that if the claimant seeks to enforce his lien through a lawsuit, he must establish the tortfeasor's negligence and the payer's liability. The fact that the tortfeasor has made a settlement payment constitutes only prima facie evidence of negligence. Deaconess correctly observe that prima facie evidence can be rebutted. Defs.' Opening Br. at 9.
The United States does not agree that claimants of liens under chapter 60.44 RCW must establish the tortfeasor's negligence in order to have the lien enforced. "The matter before the District Court is a lien enforcement not a negligence action. RCW 60.44.060. The issue here is whether the defendants made a settlement with the patient, not whether they were negligent.
RCW 60.44.050." Pl.'s Answering Br. at 8. "Under RCW 60.44, so long as the Government timely records, at the time of payment of the settlement its rights become fixed, as to existence of the lien and amount owed." Id. at 11. Despite the United States' citations to the statute, the language of RCW 60.44.060 supports the notion that negligence is an element which the claimant must establish in order to have its lien enforced. It is true that other courts have enforced liens where the tortfeasor has settled even though the claimant did not demonstrate the tortfeasor's negligence; these courts have found the existence of a settlement to be sufficient grounds for a finding of negligence. See Buchanan v. Beirne Lumber Co., 197 Ark. 635, 124 S.W.2d 813, 815 (1939) ("We think the court mis-construed this act when it required appellants to assume the burden of proving a case of liability against appellees, after a settlement had been made, or at all."); Dawson v. Hospital Auth. of Augusta, 98 Ga.App. 792, 106 S.E.2d 807, 809 (1958) ("[I]t is unnecessary for the hospital to allege in its petition facts showing negligence or liability to the injured party, independently of the settlement and release."); Republic Ins. Co. v. Shotwell, 407 S.W.2d 864, 866 (Tex.Civ.App.1966) ("Under Article 5506a appellees were entitled to a lien upon any and all rights or actions, suits, claims or demands of the Comptons since they had filed their lien as required under said Article and such lien extended to the proceeds of the settlement made between appellants and the Comptons.... The appellants must have been responsible to the Comptons because of the acts of Bussey or they would not have paid [the $4,000 settlement amount]."). However, the hospital lien statutes in those jurisdictions did not contain the language of RCW 60.44.060 stating that the fact of payment or settlement constitutes only prima facie evidence of negligence. The statute would seem to indicate that the defendant is allowed to rebut the prima facie claim and that the fact of a settlement is not conclusive evidence of negligence. Contrary to the United States' claim, the amount and existence of the lien do not become automatic upon settlement; the existence of payment *833 or settlement by itself is insufficient to establish negligence under RCW 60.44.060.
The defendants assert that the fact that a court actually adjudged them not to have been negligent is conclusive evidence and rebuts the prima facie case of negligence. See Defs.' Opening Br. at 9. The statute is silent as to whether the existence of such a judgment constitutes conclusive evidence that the defendants are not negligent and hence have no liability. See RCW 60.44.060. Case law is relevant because the defendants imply that the doctrine of collateral estoppel or issue preclusion applies in this case. That doctrine is well-known to Washington law as a means of preventing the endless relitigation of issues already actually litigated by the parties and decided by a competent tribunal. Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wash.2d 255, 262, 956 P.2d 312 (1998) (quoting Reninger v. Department of Corrections, 134 Wash.2d 437, 449, 951 P.2d 782 (1998)). The United States responds that three of the four parts of the test for collateral estoppel have not been met. Pl.'s Answering Br. at 8. The four-part test is as follows:
"Before the doctrine of collateral estoppel may be applied, the party asserting the doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice."
Thompson v. Department of Licensing, 138 Wash.2d 783, 790, 982 P.2d 601 (1999) (quoting Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wash.2d at 262-63, 956 P.2d 312). "Privity" is defined as follows:
"Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts. Privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title. It denotes mutual or successive relationship to the same right or property. The binding effect of the adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner."
Owens v. Kuro, 56 Wash.2d 564, 568, 354 P.2d 696 (1960) (quoting Sodak Distrib. Co. v. Wayne, 77 S.D. 496, 93 N.W.2d 791, 795 (1958)). It is up to the trial court to determine whether to apply the doctrine of collateral estoppel to this case. If it does not apply, the court then will determine responsibility based upon the negligence and liability of the defendants.

CONCLUSION
The party referred to in the certified question may be held responsible for the payment and discharge of a lien pursuant to RCW 60.44.050 if the trier of fact finds that the party is a tortfeasor under RCW 60.44.060 as this court has interpreted it.
SMITH, JOHNSON, ALEXANDER, MADSEN, TALMADGE, SANDERS, IRELAND, and BRIDGE, JJ., concur.