S10G1142. MCG HEALTH, INC. v. OWNERS INSURANCE
COMPANY.
(707 SE2d 349)

BENHAM, Justice.

This case arises from the dismissal of a complaint filed by MCG Health, Inc. ("MCG"), against Owners Insurance Company ("Owners"). In sum, MCG filed a hospital lien for services provided to Braxton Morgan at the Medical College of Georgia after he was injured in an automobile accident

caused by an individual insured by Owners. MCG then brought an action against Owners to collect on the lien. The trial court treated third-party defendants Braxton and Kylie Morgan's cross-motion to dismiss the complaint as a motion for summary judgment and granted it, effectively dismissing MCG's complaint for failing to state a claim for which relief could be granted. The Court of Appeals affirmed the decision in *MCG Health, Inc. v. Owners Ins. Co.*, 302 Ga. App. 812 (692 SE2d 72) (2010). We granted certiorari to consider whether the Court of Appeals erred in its construction of OCGA § 44-14-470. We now affirm the judgment.

The underlying facts show that at the time Morgan received treatment at MCG, he was an active duty member of the United States Army covered by the United States Department of Defense TRICARE health insurance program ("TRICARE").[1] MCG had a contract with Humana Military Healthcare Services, Inc. ("HMHS") to provide certain healthcare services to beneficiaries of the TRICARE program. The contract set forth the terms by which MCG could recover for services provided to TRICARE beneficiaries. Paragraphs 2 and 4 required MCG to comply with TRICARE regulations. In addition, section 17 of the contract provided in pertinent part:

> *No Liability to Beneficiaries for Charges.* Hospital hereby agrees that in no event, including, but not limited to nonpayment by HMHS or the Government, HMHS insolvency or breach of this Agreement, shall Hospital bill, charge, collect a deposit from, seek compensation, remuneration or reimbursement or have any recourse against Beneficiaries, or persons other than HMHS acting on their behalf, for Covered Services provided pursuant to this Agreement. This Hospital Agreement provision shall not prohibit collection of fees for any non-covered service and/or Copayments in accordance with the terms of the Beneficiary's coverage and this Agreement.

> Nothing in this Agreement shall be construed to limit the Hospital's rights under OCGA § 44-14-470 et seq. Hospital shall have the right to seek to recover its charges, to the extent that said charges exceed what Health Plan or Payor pays Hospital pursuant to this Agreement, incurred as a result of Hospital's providing Hospital Services to Members and which charges are the liability of a third party. The parties further agree that payment by Health

---

[1] The trial court provided the following summary of the TRICARE program:
In 1967 Congress authorized the establishment of the Civil Health and Medical Program of the Uniform Services ("CHAMPUS"). In 1995, the Defense Department established TRICARE as a subprogram through which managed healthcare activities are carried out for active-duty service members and their families. The TRICARE program has a reimbursement methodology system known as the Diagnosis-Related Group ("DRG") which is used to establish reimbursement rates and payment schedules for medical care provided to TRICARE beneficiaries.
See also 10 USC § 1072 (7).

Plan or Payor to Hospital does not extinguish Hospital's lien or in any way limit Hospital's rights under OCGA § 44-14-470 et seq., except that the amount of the Hospital's lien shall not include the amount of any payment(s) by Health Plan or Payor to Hospital on behalf of a Member.

In addition, Chapter 11, Section 5 of the TRICARE handbook, which was attached and incorporated into the contract, stated in pertinent part as follows:

5.5.2. It is important to note that prior to submission of a TRICARE claim, the hospital is not precluded from seeking recovery of its billed charge directly from the liable third party or insurer. . . . However, the hospital may not bill the beneficiary without filing a TRICARE claim.

The total cost of the services MCG provided to Morgan was $18,259.61. Relying on the above-referenced language in section 17 of the contract referring to Georgia's hospital lien statute and section 5.5.2 of the TRICARE manual, MCG filed a hospital lien for the full cost of services provided to Morgan pursuant to OCGA § 44-14-470 et seq. MCG did not file a claim with TRICARE for Morgan's treatment at any time before or after filing the hospital lien. After MCG filed the hospital lien, Morgan entered into a release and settlement agreement with Owners for $50,000. MCG then filed a claim against Owners to collect on its lien.

In dismissing MCG's claim on partial summary judgment, the trial court determined the TRICARE contract, as well as federal statutes and regulations governing the TRICARE program, effectively precluded MCG from recovering its fees from Owners.[2] The Court of Appeals affirmed on different grounds, concluding overall that MCG had a right under the contract to pursue a lien, but that the basis of the hospital's right to a lien was a patient debt and that, in this case, the lien was invalid because there was no patient debt for the lien to attach. More specifically, due to the fact that the patient was immune from debt based on the contract, there was no debt owing for the hospital to collect. *MCG Health, Inc. v. Owners Ins. Co.*, 302 Ga. App. at 818-819.

1. MCG contends that the Court of Appeals erred when it held that the debt must be owed by the patient in order for a hospital to foreclose on a lien. We agree. The Court of Appeals came to its decision by interpreting

---

[2] The trial court held that the second paragraph of section 17 of the contract was expressly prohibited by 10 USC § 1079 and was fraudulent under 32 CFR § 199.9 because it would cause TRICARE beneficiaries to sustain a financial loss; that the "liable third party or insurer" referenced in section 5.5.2 of the TRICARE handbook did not include a third party who was liable in tort; that MCG could not bill the beneficiary without first filing a claim with TRICARE; and that any TRICARE related contract that allows the hospital to balance bill or receive payment in excess of the contracted amount is invalid and contrary to law.

OCGA § 44-14-470 (b)[3] of the hospital lien statute to require that the debt belong to the patient/beneficiary in order for the lien to be valid and collectable. As the Court of Appeals acknowledged, the hospital lien statute is silent as to whether the debt must be the obligation of the patient or the obligation of some other person or entity. See *MCG Health, Inc. v. Owners Ins. Co.*, 302 Ga. App. at 817 ("The statute does not state whether or not it requires the existence of a debt to support enforcement.").

In this situation, we must apply the concepts of expressio unius est exclusio alterius (the expression of one thing implies the exclusion of another) and expressum facit cessare tacitum (if some things are expressly mentioned, the inference is stronger that those not mentioned were intended to be excluded).

*Goddard v. City of Albany*, 285 Ga. 882, 884 (684 SE2d 635) (2009). Under this basic tenet of statutory construction, the Court of Appeals was not authorized to impose a requirement to the statute that was not expressly stated therein.[4] The error is inapposite, however, because the resolution of this case does not turn on the construction or interpretation of Georgia's hospital lien statute, but is resolved by adhering to the federal statutory and regulatory scheme governing the administration of the TRICARE program.

2. MCG contends it has a right to pursue a lien under Georgia's hospital lien statute. For the reasons set forth below, we disagree.

(a) The statutory and regulatory scheme which governs TRICARE does not provide any basis for allowing a contracting civilian healthcare provider such as MCG to collect its treatment costs from a third-party tortfeasor/payer. Specifically, in this context, it is the federal government that has the right of collection against such third-party tortfeasor or its insurer pursuant to the Federal Medical Care Recovery Act (FMCRA), 42 USC §§ 2651-2653.[5] See also 32 CFR § 199.12. Cf. *Thurman v. State Farm*

---

[3] The portion of the statute provides:
(b) Any person, firm, hospital authority, or corporation operating a hospital, nursing home, or physician practice or providing traumatic burn care medical practice in this state shall have a lien for the reasonable charges for hospital, nursing home, physician practice, or traumatic burn care medical practice care and treatment of an injured person, which lien shall be upon any and all causes of action accruing to the person to whom the care was furnished or to the legal representative of such person on account of injuries giving rise to the causes of action and which necessitated the hospital, nursing home, physician practice, or provider of traumatic burn care medical practice care, subject, however, to any attorney's lien. The lien provided for in this subsection is only a lien against such causes of action and shall not be a lien against such injured person, such legal representative, or any other property or assets of such persons and shall not be evidence of such person's failure to pay a debt. This subsection shall not be construed to interfere with the exemption from this part provided by Code Section 44-14-474.

[4] Likewise, it would not be appropriate for this Court to rule that the hospital lien statute requires that the debt be "owed" by the tortfeasor or the tortfeasor's insurer.

[5] The trial court erred when it concluded in its order that a third-party payer did not include a person or entity who might be liable to the TRICARE beneficiary in tort.

*Mut. Auto. Ins. Co.*, 278 Ga. 162 (598 SE2d 448) (2004). Any state law which interferes with the financing of healthcare claims for TRICARE beneficiaries is preempted as a matter of federal statutory and regulatory law. See 10 USC § 1103; 32 CFR § 199.17 (a) (7). See also 42 USC § 2651 (c) (1) (the United States becomes a third party beneficiary of any state law, policy, or agreement that allows for the recovery of hospital expenses). In fact, healthcare providers like MCG are expected to identify possible third-party payers, including those that may be liable in tort, to TRICARE claims officials. See 32 CFR § 199.12 (i) (1)-(3). If any entity is to collect from a third-party tortfeasor for costs associated with treating the injuries to a TRICARE beneficiary, it is the federal government. Id.

MCG argues the TRICARE manual at Chapter 11, section 5.5.2 still allows it to pursue a lien. While the manual is incorporated into the contract, the manual does not have the force of law. *Bradley v. Sebelius*, 621 F3d 1330, 1338 (11th Cir. 2010) (agency manuals do not have the force of law). The federal statutes and regulations governing TRICARE do not provide for a hospital being able to collect its costs from a third-party tortfeasor via a state lien statute.

(b) Even if MCG were not obligated to adhere to the TRICARE statutory and regulatory scheme, by attempting to collect its lien from Morgan's settlement funds, MCG is violating provision 17 of the contract which prohibits MCG from obtaining "any recourse" from the TRICARE beneficiary. Since Owners has paid out its policy limits and the money has been received by Morgan, any payment on the lien would cause Morgan an immediate financial loss. This defeats the purpose of these agreements which is for TRICARE beneficiaries to have their healthcare costs paid in full at the negotiated rates without fear of further recourse. "[T]he provider . . . shall not charge a beneficiary for . . . [s]ervices for which the provider is entitled to payment from [TRICARE]." 32 CFR § 199.6 (a) (13) (i) (A). While the second paragraph of section 17 of the contract purports not to limit MCG's rights under OCGA § 44-14-470 et seq., that portion of the paragraph cannot actually be sustained or enforced in this case in light of the federal laws and regulations governing TRICARE.

Accordingly, the trial court did not err when it dismissed MCG's complaint for failing to state a claim for which relief could be granted. The Court of Appeals' decision to affirm the trial court is sustained pursuant to the right for any reason rule. *Davis v. State*, 287 Ga. 414, 415 (696 SE2d 644) (2010).

*Judgment affirmed. All the Justices concur, except Nahmias, J., who dissents.*

DECIDED JANUARY 24, 2011 —
RECONSIDERATION DENIED MARCH 18, 2011.

*Hull, Towill, Norman, Barrett & Salley, David E. Hudson, Christopher A. Cosper, Robert L. Allgood*, for appellant.

*Talley, French & Kendall, Michael C. Kendall, Nicholson Revell, Sam G. Nicholson, Harry D. Revel, Bell & Bell, David B. Bell, Bell & Brigham, John C. Bell, Jr., Pamela S. James*, for appellee.

*Alston & Bird, Donna P. Bergeson, Turkheimer & Hadden, John D. Hadden, Daughtery, Crawford, Fuller & Brown, Jason L. Crawford*, amici curiae.