**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**April 30, 2025**

# In the Court of Appeals of Georgia

A25A0721. PROGRESSIVE MOUNTAIN INSURANCE COMPANY v. AU MEDICAL CENTER, INC. et al.

McFADDEN, Presiding Judge.

Progressive Mountain Insurance Company appeals an order granting AU Medical Center, Inc.'s motion for summary judgment in AU's action for satisfaction of a hospital lien. Contrary to Progressive's argument on appeal, the lien was enforceable. So we affirm.

To prevail on summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, when viewed in the nonmovant's favor, entitle the movant to judgment as a matter of law. See OCGA § 9-11-56 (c). We review a trial court's grant of a motion for summary judgment de novo. *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

So viewed, the undisputed facts show that Elizabeth Giles was injured while she was a passenger in a car driven by Progressive's insured. Giles was a minor at that time. She received medical treatment from AU, and AU filed a hospital lien for the cost of that treatment. More than a year later, Giles settled her claims against Progressive's insured and signed a release. AU's lien was not paid.

AU filed a complaint against Progressive, seeking reimbursement under the lien statute for the charges for the medical care provided to Giles. Progressive answered the complaint and filed a third-party complaint against Giles, contending that she had agreed in the release to pay any liens. Giles answered the third-party complaint. Then all three parties moved for summary judgment.

The trial court granted AU's motion for summary judgment, but the appellate record includes no ruling on Progressive's and Giles's motions. Progressive filed this appeal, challenging the grant of summary judgment in favor of AU.

Progressive argues that because Giles was a minor when AU provided medical treatment to her, she did not owe AU for the cost of that treatment, see OCGA § 19-7-2; *Southern Guar. Ins. Co. v. Sinclair*, 228 Ga. App. 386, 387 (491 SE2d 843) (1997),

and she could not sue to recover her medical expenses. So, Progressive concludes, AU's lien is not enforceable. We disagree.

The statute at issue, OCGA § 44-14-470 (b), provides:

> Any . . . corporation operating a hospital . . . shall have a lien for the reasonable charges for hospital . . . care and treatment of an injured person, which lien shall be upon any and all causes of action accruing to the person to whom the care was furnished or to the legal representative of such person on account of injuries giving rise to the causes of action and which necessitated the hospital . . . care . . . . The lien provided for in this subsection is only a lien against such causes of action and shall not be a lien against such injured person. . . .

Our Supreme Court has rejected the principle that "the debt must be owed by the patient in order for a hospital to foreclose on a lien[,]" because such a condition is not expressly stated in the statute. *MCG Health v. Owners Ins. Co.*, 288 Ga. 782, 784 (1) (707 SE2d 349) (2011). See also *Dawson v. Hosp. Auth. of Augusta*, 98 Ga. App. 792, 793-794 (1) (106 SE2d 807) (1958) (hospital could enforce its lien under materially similar predecessor statute, even though the injured party was not legally liable to pay the expenses of her treatment because of her status). The fact that Giles legally did not

owe the debt for her medical treatment due to her minority status does not mean that AU's lien was not enforceable.

Progressive's reliance on *Sinclair*, 228 Ga. App. at 386-388, is misplaced. That case had nothing to do with a hospital lien, so OCGA § 44-14-470 was not at issue. Instead, *Sinclair* concerned an insurer's claim for reimbursement under the terms of an insurance policy.

In *Sinclair*, the insurance company that insured the car in which two minors were injured paid for the minors' medical treatment under a medical payments provision in the policy. Id. at 387. The minors then settled their personal injury claims against the other driver. Id. The insurer filed an action against the minors for reimbursement, under a provision of the insurance policy, for the medical care payments it had made on their behalf. Id.

We agreed with the minors that because they — as minors — were not responsible for their medical expenses, the settlement with the other driver did not include compensation for their medical expenses. So the insurer was not entitled to reimbursement under the terms of the policy. *Sinclair*, 228 Ga. App. at 387-388. We concluded that the insurer's

claim for reimbursement of medical expenses under the policy is predicated on the [minors'] having a right of action against [the other driver] for the expenses. Because it is clear that no such right of action exists, [the insurer] is not entitled to reimbursement, and the trial court did not err in denying [the insurer's] motion for summary judgment and granting summary judgment to [the minors].

Id. at 388.

Progressive argues that AU's lien should be limited so that it attaches to causes of action seeking medical expenses paid on behalf of Giles. It argues that since a cause of action for the expenses of Giles's medical care was vested in Giles's parents (and there is no indication that they filed such an action), AU's lien was unenforceable.

The statute, however, does not impose such a limitation. Rather it provides that the lien attaches to "*any and all* causes of action accruing to the person to whom the care was furnished or to the legal representative of such person on account of injuries giving rise to the causes of action and which necessitated the hospital . . . care . . . ." OCGA § 44-14-470 (b) (emphasis supplied). We may not "impose a requirement to the statute that [is] not expressly stated therein." *MCG Health*, 288 Ga. at 785 (1).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*