296 Ga. 687
FINAL COPY

S14G0603. KIGHT v. MCG HEALTH, INC.

MELTON, Justice.

In MCG Health, Inc. v. Kight, 325 Ga. App. 349 (750 SE2d 813) (2013), the Court of Appeals held that MCG Health, Inc. (Hospital) was not precluded from filing a hospital lien, see OCGA § 44-14-470 et seq., in order to collect charges associated with the treatment of Christopher Kight. Specifically, the Court of Appeals found that, as a matter of fact, the trial court erred in its determination that the lien was invalid because there was no debt owing at the time it was filed. Concomitantly, the Court of Appeals held that the trial court's related grant of attorney fees to Kight pursuant to OCGA § 13-6-11 was in error. We granted certiorari in order to determine "[w]hether the Court of Appeals erred when it reversed the award of partial summary judgment, attorney fees and expenses of litigation to [Kight]." Under the facts of this case, we affirm.

1. In relevant part, the record shows that, following a car wreck caused by an allegedly intoxicated driver, Kight received treatment at MCG.

> Kight was a member of the Blue Cross[/Blue Shield] managed health care insurance plan, and the hospital care furnished to Kight

for injuries he suffered in the accident was covered under a contract between the Hospital and Blue Cross. Under the contract, the Hospital agreed to discount its billed charges for covered hospital care and accept the discounted amount as "payment in full" for the covered care provided to Blue Cross members. The contract allowed the Hospital to bill Kight directly for deductibles and co-pays owed by Kight to the Hospital, but the Hospital agreed under the contract not to balance-bill Kight for the difference between the Hospital's billed charges and the discounted amount due under the contract.

MCG Health, 325 Ga. App. at 350-351 (1). On March 21, 2007, the Hospital filed a $36,177.68 lien against Kight's cause of action pursuant to OCGA § 44-14-470 for the "reasonable charges" of hospital care furnished to Kight from February 4 to February 20, 2007.[1] At that time, the Hospital had been compensated by insurance payments for the bulk of its discounted charges, but, as found by the Court of Appeals, "the amount still owed to the Hospital under the Blue Cross contract for care furnished from February 4 to February 20 was $261.10 in unpaid discounted payments due from Blue Cross, and $186.48 in unpaid deductibles or co-pays due from Kight." Id. at 352 (1). Following the filing of the lien, Kight continued to receive care, and, as of April 5, 2007, Kight

---

[1] This represented the standard charge for Kight's treatment, not the discounted rate under the Blue Cross insurance contract.

2

owed the Hospital a total of $863.10 in deductibles or co-pays. The Hospital has modified its lien to reflect this amount, and has stated that this is the only amount that it wishes to recover.[2]

By considering the purpose of the lien statute, it becomes clear that, based on the facts of this case, the Hospital's lien was valid at the time that it was filed.

> At its most basic level, [OCGA § 44-14-470 et seq.] recognizes that a hospital is entitled to directly bill the patient for its services and to rely solely on the patient to pay for medical services rendered. To ensure payment to the hospital, the statute grants the hospital a lien against a patient's cause of action. This cause of action refers to the patient's recourse against a tortfeasor for causing the patient's injuries. This recourse is represented by a claim brought against a tortfeasor for personal injuries and associated economic damages, such as a hospital bill. In turn, the tortfeasor, where insured, may look to his insurance company to make liability payments to the patient to cover the patient's economic damages. These liability payments, in turn, are subject to the hospital's lien seeking reimbursement for services directly billed to the patient. In short, the lien allows the hospital to step into the shoes of the insured for purposes of receiving payment from the tortfeasor's insurance company for economic damages represented by the hospital bill.

State Farm Mut. Auto. Ins. Co. v. Adams, 288 Ga. 315, 317-318 (702 SE2d 898)

---

[2] On September 24, 2008, the Hospital filed an amended lien pursuant to OCGA § 44-14-470 et seq. in the amount of $863.10.

3

(2010).

Contrary to the ruling of the trial court and Kight's arguments to this Court, the Hospital *was* owed money on the date that the lien was filed. As a result, Kight's principal argument that there was no debt on which to base any lien must fail. Likewise, Kight's corollary argument that the Hospital waived its right to impose a lien also fails based on the facts of this case. The Hospital's contract with Blue Cross explicitly reserves the Hospital's right to collect deductibles and co-pays directly from Kight, irrespective of the agreement to hold Kight responsible only for a discounted price of treatment. Contrary to Kight's argument, this is not a situation in which the Hospital has agreed to no recourse whatsoever except against the patient's insurer. For that reason, Kight's reliance on cases such as MCG Health, Inc. v. Owners Ins. Co., 288 Ga. 782 (707 SE2d 349) (2011) is misplaced. Finally, Kight's tertiary argument that the Hospital's lien was required to be exact on the date it was filed or be considered void ab initio also fails. There is nothing in OCGA § 44-14-470 et seq. imposing such a requirement, and we will not judicially legislate one.  See Abdulkadir v. State, 279 Ga. 122, 124 (2) (610 SE2d 50) (2005) ("A court of law is not authorized to rewrite the statute by inserting additional language that would

expand its application. . . . .”). Therefore, the Court of Appeals correctly determined that the trial court erred by granting partial summary judgment to Kight on this issue.

We note that the Court of Appeals opinion, in dicta, discusses wide-ranging applications of the hospital lien law which simply are not relevant to the facts of the case currently before this Court. This opinion affirms the Court of Appeals for the reasons given above, and we neither reach nor adopt any of the dicta and reasoning except as set forth herein.

2. Because we affirm the Court of Appeals' ruling that the Hospital's lien was valid, we also affirm the ruling that the award of attorney fees against MCG pursuant to OCGA § 13-6-11 was improper.

Judgment affirmed. All the Justices concur.


Decided March 2, 2015.

Certiorari to the Court of Appeals of Georgia – 325 Ga. App. 349.

Charles M. Cork III, Nicholson Revell, Sam G. Nicholson, Harry D. Revell, for appellant.

Hull Barrett, David E. Hudson, Christopher A. Cosper, Robert L. Allgood,

for appellee.

Robin F. Clark, Laura M. Shamp, Troutman Sanders, Jaime L. Theriot, Jacob A. Rogers, amici curiae.