**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 3, 2019**

# In the Court of Appeals of Georgia

A18A1822. ALLSTATE FIRE & CASUALTY INSURANCE
    COMPANY v. KENNESTONE HOSPITAL, INC.

MCFADDEN, Presiding Judge.

At issue are the requirements for perfecting a medical services lien set out at OCGA § 44-14-471, particularly the requirement of written notice to the alleged tortfeasor and his insurer. The claimant here did not provide such notice. But the notice requirement is conditioned by the phrase "to the best of the claimant's knowledge[.]" OCGA § 44-14-471 (a) (1). The trial court held that the undisputed evidence of the claimant's due diligence was sufficient to show that this failure should not invalidate the lien. We affirm.

The claimant is Kennestone Hospital, Inc. d/b/a WellStar Kennestone Hospital. It brought suit against Allstate Fire & Casualty Insurance Company to enforce its lien for medical treatment and services provided to David Pruitt following a motor vehicle collision with Allstate's insured, Ginger Gentry. The parties moved for summary

judgment. Allstate argued that Kennestone failed to perfect its lien under OCGA § 44-14-471, and Kennestone argued that it had satisfied all requirements to perfect its lien. The trial court granted summary judgment to Kennestone on its claims. Allstate filed this direct appeal.

We note at the outset that we have jurisdiction over this direct appeal, even thought the amount in dispute is less than $10,000. The requirement that "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less" be taken by application, OCGA § 5-6-35 (a) (6), is not applicable. An action on a lien is not an action for damages, so even if the amount of an award is less than $10,000, an appellant is not required to pursue a discretionary appeal. *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 391-392 (469 SE2d 469) (1996).

The parties stipulated to the following facts. On January 20, 2012, Kennestone mailed to Pruitt, the patient who had received hospital services, a notice of its intent to file a lien. Kennestone filed the lien on February 9, 2012.

Before filing the lien, Kennestone attempted to identify the alleged tortfeasor and her insurer by telephoning Pruitt and by twice attempting to locate the accident report. It left a voice mail for Pruitt, which was not returned, and the Georgia

2

Department of Public Safety informed Kennestone that no accident report had been found.

On March 6, 2012, after it had filed the lien, Kennestone was made aware that Pruitt had hired an attorney to potentially pursue filing a personal injury lawsuit. On that date as well as on April 27, 2012, Kennestone attempted to contact the attorney but failed to make contact. It again attempted to contact the attorney on June 12, 2012, and September 19, 2012.

Kennestone made further unsuccessful attempts to locate the accident report on March 6, 2012, April 27, 2012, June 12, 2012, June 13, 2012, September 19, 2012, and September 28, 2012. On December 13, 2012, Kennestone received the accident report which identified Gentry and Allstate. It sent a notice of the lien to Allstate on December 20, 2012. It never sent notice to Gentry.

Allstate argues that OCGA § 44-14-471 required Kennestone to send notice of the lien to Gentry. Kennestone counters that during the time period for providing notice, it had not identified the tortfeasor, despite exercising due diligence, so it had nowhere to send the notice. It also argues that the statute does not require notice to the tortfeasor after the lien has been filed.

3

In pertinent part, OCGA § 44-14-471 (a) provides that in order to perfect a lien for the provision of medical services, a hospital

> (1) [s]hall, not less than 15 days prior to the date of filing the statement required under paragraph (2) of this subsection, provide written notice to the patient and, to the best of the claimant's knowledge, the persons . . . and their insurers claimed by the injured person or the legal representative of the injured person to be liable for damages arising from the injuries . . . ; and
>
> (2) [s]hall file in the office of the clerk of the superior court of the county in which the hospital . . . is located and in the county wherein the patient resides, if a resident of this state, a verified statement setting forth the name and address of the patient as it appears on the records of the hospital . . .; the name and location of the hospital . . .; the dates of admission and discharge of the patient therefrom . . .; and the amount claimed to be due for the hospital . . . .

OCGA § 44-14-471 (a). Hospitals must file the statements described in subsection (a) (2) within 75 days after the patient is discharged from the hospital. OCGA § 44-14-471 (a) (2) (A). Since the written notice of (a) (1) must be provided not less than 15 days before the verified statement of (a) (2) is filed, and the verified statement of (a) (2) must be filed within 75 days of a patient's discharge, then the written notice of (a) (1) must be provided within 60 days after a patient's discharge.

4

As for the "best of the claimant's knowledge" standard of subsection (a) (1), we have held that the phrase describes the lienholder's knowledge and imposes upon the lienholder the requirement "to exercise at least some degree of diligence in acquiring the information necessary to send the notice." *Kennestone Hosp. v. Travelers Home & Marine Ins. Co.*, 330 Ga. App. 541, 544 (1) (768 SE2d 519) (2015).

The parties do not dispute that Kennestone filed its lien on February 9, 2012, and they do not assert that it was untimely under OCGA § 44-14-471 (a) (2) (A). So Kennestone had to provide notice to patient Pruitt and, "to the best of [its] knowledge," the alleged tortfeasor and her insurer not less than 15 days before then, which was on or before January 25, 2012. It sent such notice to Pruitt on January 20, 2012.

The parties stipulated that Kennestone "exercised due diligence in attempting to obtain the motor vehicle accident investigation report and identify the person allegedly responsible for causing David Pruitt's injuries as well as that person's automobile insurance company." But there is no record evidence that Kennestone knew the tortfeasor's or her insurer's identity on or before January 25, 2012, in spite of exercising due diligence. Accordingly, the record supports the trial court's

5

conclusion that "[b]ecause Kennestone put forth a diligent effort in obtaining the requisite identities, Kennestone met OCGA § 44-14-471 (a) (1)[s] 'best of knowledge' standard in providing notice to all required parties and therefore properly noticed all required parties."

Allstate argues that under *Kennestone Hosp. v. Travelers*, supra, 330 Ga. App. at 541, another hospital lien case also involving Kennestone, Kennestone's failure to ever send Gentry notice invalidates the lien. That case is distinguishable.

There, we did hold that Kennestone's failure to send notice to the insured tortfeasor invalidated the lien. Id. at 544 (1). Kennestone had argued that the insurer's failure to produce any evidence showing that Kennestone was aware of the insured tortfeasor's identity defeated the insurer's summary judgment motion. Id. at 544-545 (1). We rejected this argument. Rather, we held that once the tortfeasor's insurer

> demonstrated that Kennestone failed to send notice to the insured [tortfeasor], it was incumbent upon Kennestone to show that this failure should not invalidate its lien, and if the reason it did not send the insured [tortfeasor] notice was because it was unaware of her identity, it should have put forth some competent evidence to support that assertion.

Id. at 545 (1). This language implies that if Kennestone had put forth such evidence, then the failure to send notice might not have invalidated the lien. In the instant case,

6

the undisputed facts indicate that Kennestone did not know the tortfeasor's identity until well after the time period of OCGA § 44-14-471 (a) (1) for providing notice had passed.

Allstate contends that once Kennestone learned the tortfeasor's identity, it was obligated to send notice, although the OCGA § 44-14-471 (a) (1) notice period had passed and the lien had been filed. This argument fails because the statute does not include such a requirement. See *Kight v. MCG Health, Inc.*, 296 Ga. 687, 689-90 (1) (769 SE2d 923) 925 (2015) ("[t]here is nothing in OCGA § 44-14-470 et seq.[, the medical services lien statutes,] imposing such a requirement, and we will not judicially legislate one"); *Abdulkadir v. State*, 279 Ga. 122, 124 (2) (610 SE2d 50) (2005) ("A court of law is not authorized to rewrite the statute by inserting additional language that would expand its application.").

The plain language of OCGA § 44-14-471 (a) requires notice to be sent not less than 15 days prior to the date of filing the lien to the patient "and, to the best of the claimant's knowledge," id. at (a) (1), the alleged tortfeasor and her insurer. In spite of its undisputed exercise of due diligence, Kennestone did not know the identity of the tortfeasor or her insurer until after it had filed the lien. So Kennestone was not

required to send notice to Gentry, and the trial court properly granted Kennestone summary judgment.

*Judgment affirmed. Rickman and Markle, JJ., concur.*